TOWN OF MILFORD *v.* COMMISSIONER OF MOTOR
VEHICLES ET AL.

THE ATLANTIC REFINING COMPANY *v.* PHILIP B.
WILKINSON, BUILDING INSPECTOR OF
THE TOWN OF MILFORD

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, JS.

Argued March 4—decided April 28, 1953

*William L. Beers,* with whom, on the brief, was *John N. Reynolds,* for the defendant Atlantic Refining Company in the first action and the appellant (plaintiff) in the second action.

*Richard H. Lynch,* for the plaintiff in the first action and the appellee (defendant) in the second action.

The attorney general filed a statement in lieu of a brief for the commissioner of motor vehicles.

O'SULLIVAN, J. The first-captioned action, coming to us as a reservation, originated as an appeal to the Court of Common Pleas from the action of the commissioner of motor vehicles in issuing to the Atlantic Refining Company a license to sell gasoline. The latter, which we shall call the company, was not at first made a party to the appeal. Subsequently, it intervened and, after filing an answer, has joined in this reservation. The named defendant has taken no active part in the matter.

The stipulated facts present the following situation: During May, 1946, upon the application of John and Herman Holst, owners of the property known as 247 Broad Street in Milford, a certificate of approval was duly issued by the board of zoning appeals of that town for the use of the premises as a retail gasoline station. The certificate was filed with the commissioner of motor vehicles, to be called the commissioner, but no license to sell gasoline was then issued by him.

A short street lies between 247 Broad Street and a large tract of land in the center of the town. The tract is known as the Milford green. It has existed from time immemorial and is kept up by the town as a park in the same manner as similar greens are maintained in various municipalities throughout the state.

In March, 1952, a subsequent owner of 247 Broad Street, unaware of the issuance of the certificate in 1946, applied to the board of zoning appeals, herein called the board, for another certificate of approval of the premises as a retail gasoline station. The application was made for the benefit of the company,

which had arranged to purchase the property. The board held a hearing at which all interested parties, including the company, were fully heard and at which evidence of existing traffic conditions was introduced. On April 3, 1952, the board denied the application.

Thereafter, the existence of the certificate of 1946 was discovered, and on April 14, 1952, the commissioner, proceeding on the basis of that certificate, issued a license to the company for the sale of gasoline on the premises. The plaintiff took an appeal from his action and the court has reserved the matter for our consideration. The six questions upon which our advice is sought are recited in a footnote.[1]

The commissioner purported to act under what is now General Statutes, § 2536. This sets forth that no person shall sell gasoline for use in motor vehicles or offer it for sale "without having applied for and received from the commissioner of motor vehicles a license to sell such gasoline." Section 2541 provides that any person aggrieved by any action of the commissioner performed under authority of § 2536 may take an appeal therefrom to the Court of Common Pleas for Hartford County.

---

[1] "1. Does an appeal lie from the action of the Commissioner in issuing a license under Section 2536 of the General Statutes?

"2. Is the town an aggrieved person entitled to take an appeal under Section 2541 of the General Statutes?

"3. Does the town have a proprietary interest in its central green which entitles it to take an appeal under Section 2541 of the General Statutes?

"4. Is the town entitled to appeal as representing the public interest?

"5. Is the issuance of the license by the Commissioner of Motor Vehicles erroneous because of the lapse of time since the issuance of the certificate of approval on May 2, 1946?

"6. Is the issuance of the license, based upon the certificate of approval issued May 2, 1946, erroneous because of the subsequent action of the Board of Zoning Appeals on April 3, 1952, denying the application of the subsequent owner for a certificate of approval?"

The company takes the position that the plaintiff town was not entitled to appeal from the commissioner's action in issuing the license because, it is urged, the town did not qualify as an aggrieved person under § 2541. One may be aggrieved within the meaning of the various statutes authorizing appeals when he is affected only in a representative capacity. *Keating* v. *Patterson,* 132 Conn. 210, 212 n., 43 A.2d 659. While that case dealt with the right of a town to appeal to this court from a judgment of the Court of Common Pleas which reversed a decision of the liquor control commission, the reasoning there applied is equally pertinent to the case at bar. This is owing to the circumstance that the location of the proposed gasoline station is in close proximity to the Milford green, which, the defendants concede, is owned by the plaintiff town. See Public Acts 1911, c. 180. The significant fact is that it is a public park, maintained by the town primarily for the benefit of all the inhabitants of Milford. *Fenwick* v. *Old Saybrook,* 133 Conn. 22, 29, 47 A.2d 849. The plaintiff's interest is to keep the green free from possible sources of danger, and this interest is general in scope, since it contemplates the safety and welfare of all who visit the green. The presence of a nearby gasoline station, with its attendant automotive traffic, might well provide a definite hazard for those seeking to enjoy the facilities of the park. As the representative of the public interests of all its inhabitants, the plaintiff is an aggrieved person within the provisions of § 2541 and, as such, was entitled to take an appeal from the commissioner's action. See *Rommell* v. *Walsh,* 127 Conn. 16, 21, 15 A.2d 6.

Certain of the questions reserved deal with the legality of the commissioner's action in issuing the license. Section 2538 provides that any person desir-

ing a license to sell gasoline shall first obtain from the local board of zoning appeals, if such a board exists, and shall present to the commissioner, a certificate of approval of the location where the gasoline is to be sold. And, as previously stated, § 2536 authorizes the commissioner to issue a license to sell gasoline at the approved location. This latter statute sets no express time limitation within which the commissioner may act after the board has issued the certificate. For this reason, the company insists that he was warranted in acting on the basis of the 1946 certificate. If this claim is sound, the commissioner would be within his legal rights had he issued a license on a certificate granted a century before.

It is unreasonable to believe, however, that the legislature intended to endow all certificates of approval with perpetual life. Indeed, § 2539 makes provision for the revocation of those procured by the applicant's misrepresentation or fraud; and, while authority is not otherwise expressly conferred upon the board to revoke previously granted certificates, that power is necessarily implied and may be exercised if the commissioner has failed to act after the certificate of approval has been issued and if there is a showing of changed conditions in any of those factors which the board is required to consider in giving its approval to the site of a proposed gasoline station. Section 2539 recites those factors. Thus, one consideration, among the many listed, is the traffic condition at the station.

In the case at bar, the board held a public hearing in 1952 on the application of the owner of the premises for a certificate of approval. From the evidence then adduced, the board denied the application because of the traffic problem. Since no appeal

was taken from that decision of the board, and since no vested rights had arisen, that decision constituted a conclusive determination either that there had been a change in conditions subsequent to 1946 or that other considerations materially affecting the merits of the subject matter had intervened. *Hoffman* v. *Kelly,* 138 Conn. 614, 616, 88 A.2d 382. It necessarily follows that the denial of the application of 1952 was, in effect, a revocation of the certificate granted six years before. Because there was no valid certificate outstanding, the commissioner acted unlawfully in issuing the license. The case of *State ex rel. Gold* v. *Usher,* 138 Conn. 323, 84 A.2d 276, is distinguishable on the facts.

To the first, second, fourth and sixth questions of the reservation, as they apply solely to the case at bar, we answer "Yes"; the other questions require no answer.

In the second-captioned action, the company sought to obtain a writ of mandamus ordering the defendant building inspector of Milford to issue a permit for the building of a gasoline station at 247 Broad Street. In view of our answers to the questions in the reservation, this second action is moot. We dispose of it by finding no error.

No costs will be taxed in favor of any party on the reservation.

In this opinion the other judges concurred.