## The Atlantic Refining Company *v.* Zoning Board of Appeals of the Town of Milford

Inglis, C. J., Baldwin, O'Sullivan, Wynne and Daly, Js.

Argued November 4, 1954—decided January 11, 1955

*William L. Beers,* with whom was *John N. Reynolds,* for the appellant (plaintiff).

*Richard H. Lynch,* for the appellee (defendant).

WYNNE, J. In this case the plaintiff seeks a certificate approving certain premises in Milford as a suitable site for the sale of gasoline. In conformity with § 2538 of the General Statutes, the plaintiff applied to the defendant for such a certificate. After the defendant had refused approval, the plaintiff appealed to the Court of Common Pleas. The court dismissed the appeal, and from that judgment the plaintiff has appealed to this court.

There is no dispute regarding the facts. The situation is clearly set forth in the record. The plaintiff, hereinafter called the company, applied to the defendant board on December 23, 1953, for a certificate of approval of the company's property at 247 Broad Street, in Milford, as a site for a retail gasoline station. A hearing on the application was held on March 4, 1954, and the application was denied by the board on March 12, 1954. The decision of this court in *Milford* v. *Commissioner of Motor Vehicles,* 139 Conn. 677, 96 A.2d 806, supplies the background leading up to the present case. From that decision it appears that in 1946 the board issued to the then owner of the property a certificate of approval of it

as a site for the retail sale of gasoline. The property is located in a business zone, and the board was acting, not on a zoning matter, but as an agent of the state with statutory authority to pass upon the question of suitability of location for the purpose sought. The certificate of approval granted in 1946 was not used. In 1952, a new owner of the property, unaware of the 1946 certificate, applied to the board for a certificate of approval of the site for a retail gasoline station. This application was denied on April 3, 1952, and no appeal was taken. Thereafter, it was discovered that a certificate of approval had been issued in 1946, and on the basis of this the plaintiff sought and obtained from the commissioner of motor vehicles a license for the conduct on the premises of a gasoline service station. This was the second necessary step for the establishment of a service station. At this point the town of Milford instituted the action of *Milford* v. *Commissioner of Motor Vehicles,* supra. In that case we held that the denial of the certificate by the board in 1952 operated to revoke the certificate granted in 1946 and that, therefore, the commissioner of motor vehicles had no power to issue the license.

The assignment of errors sets forth, first, that the action of the defendant was arbitrary and in abuse of its discretion. Our statutes provide that no person shall sell or offer to sell gasoline or any other product intended for use in the propelling of motor vehicles using combustible type engines over the highways of this state without having received a license from the commissioner of motor vehicles. General Statutes § 2536. Any person desiring to secure such a license must first obtain from a specified local authority and present to the commissioner a certificate of approval of the location for which the license is desired. § 2538.

The local authority cannot issue a certificate unless it "shall find that such location is suitable for the sale of gasoline . . ., due consideration being given to the proximity of schools, churches, theatres or playhouses or other places of public gatherings, intersecting streets, traffic conditions, width of highway and effect of public travel, and that such use of such proposed location will not imperil the safety of the public." § 2539. Upon an appeal from the decision of the local authority, the question is whether its action was so devoid of any reason as to render it arbitrary or so unreasonable as to be an abuse of discretion. *Connecticut Baptist Convention* v. *Murphy,* 128 Conn. 261, 264, 22 A.2d 13.

The board gave the following as its reason for denying the application: "It is the opinion of the Board that the traffic conditions at #247 Broad Street, Milford, Conn. are very hazardous and traffic has not decreased at this location since the Board denied a similar application by The Atlantic Refining Company at their meeting held April 3, 1952." The site for which the certificate was sought had frontages on three streets, Golden Hill Street on the north, Green's End Place on the east, and Broad Street on the south. It was proposed to have entrances and exits on each of these streets. Before the board, the plaintiff produced a traffic engineer who expressed the opinion that a gasoline station on the site would not increase the traffic hazard. The board, however, was not bound to accept that opinion as controlling. The traffic engineer's own testimony was to the effect that the traffic on all three streets was great and at peaks was enormous. The chief of police of Milford and the chairman of the town council, as well as several residents in the neighborhood, testified that traffic on the three streets was frequently congested. It

was pointed out that many cars, in entering or leaving a gasoline station at that location, would have to cross lanes of traffic.

In *Milford* v. *Commissioner of Motor Vehicles*, 139 Conn. 677, 681, 96 A.2d 806, reference is made to the fact that the Milford green is a public park, maintained for the benefit of all the inhabitants of Milford. It is there stated: "The plaintiff's interest is to keep the green free from possible sources of danger, and this interest is general in scope, since it contemplates the safety and welfare of all who visit the green. The presence of a nearby gasoline station, with its attendant automotive traffic, might well provide a definite hazard for those seeking to enjoy the facilities of the park." On all the evidence, therefore, we cannot say that the board acted unreasonably in concluding that a gasoline station on the site in question would increase the traffic hazard materially and for that reason the application should be denied.

Other assignments of error lay the basis for the plaintiff's claim that the board mistook the law when it concluded that it was precluded from granting the application because it had denied a similar application in 1952. In this connection, the plaintiff relies on our rule of law that although ordinarily after an administrative board has made a decision it is powerless to reverse itself, nevertheless it may do so either if there has been a material change in circumstances or if other considerations materially affecting the merits of the subject matter have intervened and no vested rights have arisen. See *Hoffman* v. *Kelly*, 138 Conn. 614, 616, 88 A.2d 382; *Middlesex Theatre, Inc.* v. *Hickey*, 128 Conn. 20, 22, 20 A.2d 412. The line of reasoning of the plaintiff is that, since it did not appeal the 1952 decision because it discovered the existence of the certificate issued in 1946, the

subsequent decision of this court holding that the 1946 certificate had been revoked constituted a new consideration which materially affected the matter and therefore the board was not bound by its former decision.

It is not necessary for us to comment on this line of reasoning because it does not appear that the board did in fact feel bound by its earlier decision. In advance of its hearing on the application, the board did by letter to the plaintiff raise the question whether it would be free to come to a conclusion different from that at which it had arrived in 1952. In reply, the attorney for the plaintiff made substantially the same contention that is now made and the further contention that there had been a change in the traffic situation since 1952. Apparently the board was convinced by that argument because thereafter it went on with the hearing. In any event, the board, in denying the present application, did not rest the denial solely upon the ground that it was bound by the earlier decision. It rested its decision on the ground that the location of a gasoline station at the site in question would be hazardous because of the traffic conditions. It is true that the board added a statement to the effect that traffic had not decreased since the board denied the 1952 application. This statement, however, may well be interpreted merely as an addendum designed to answer a portion of the argument of the plaintiff's attorney in his letter. Or, if it were interpreted as indicating that the board thought it was bound by its earlier decision, the statement is at most a second ground for the board's decision. The first ground, the conclusion that a gasoline station on the proposed site would create a traffic hazard, is ample to support the board's decision, whether this second ground was well taken or not.

The plaintiff's further contention that, if the board believed that it was powerless to reverse its former decision, that consideration would affect its determination of whether a traffic hazard would be created is based upon a surmise so nebulous that it has no validity.

There is no error.

In this opinion the other judges concurred.