SILVER LANE PICKLE COMPANY *v.* ZONING BOARD OF
APPEALS OF THE TOWN OF EAST HARTFORD

INGLIS, C. J., BALDWIN, O'SULLIVAN, WYNNE and DALY, Js.

Argued March 8—decided April 10, 1956

*Louis B. Warren,* corporation counsel, with whom
were *Stewart J. Stowell,* assistant corporation coun-
sel, and, on the brief, *John D. Brennan,* for the ap-
pellant (defendant).

*James D. Mirabile,* with whom, on the brief, was
*Alvin C. Leone,* for the appellee (plaintiff).

WYNNE, J.  The plaintiff sought a special excep-
tion under the East Hartford zoning regulations
and, under § 2538 of the General Statutes, a certifi-

cate of approval of a location for the sale of gasoline. The plaintiff's premises are located within an industrial zone in which, with certain qualifications, a gasoline service station is a permitted use. East Hartford Zoning Regs., art. 6, § 2 (1954). It was necessary under the provisions of § 2538 to obtain a certificate of approval of the proposed site before a license for the sale of gasoline could be issued by the commissioner of motor vehicles. The defendant was the local authority vested with the power to issue the certificate. § 2538. After the defendant had refused the certificate, the plaintiff appealed to the Court of Common Pleas. The court sustained the appeal, and from that judgment the defendant has appealed to this court.

Section 2539 of the General Statutes provides in part: "No [certificate of approval] shall be issued unless [the] board of appeals shall find that [the proposed] location is suitable for the sale of gasoline and other products, due consideration being given to the proximity of schools, churches, theatres or playhouses or other places of public gatherings, intersecting streets, traffic conditions, width of highway and effect of public travel, and that such use of such proposed location will not imperil the safety of the public." The defendant concluded on the evidence before it that the plaintiff's location was not suitable for the sale of gasoline and other products because, "due consideration being given to the width of the highway and effect on public travel," the presence of a gasoline station there would imperil the safety of the public. The sole question on this appeal is whether the defendant was warranted in coming to that conclusion.

Certain facts are not disputed. The plaintiff is the owner of a piece of property on the south side

of Silver Lane, opposite Gold Street, in East Hartford. It is in an industrial zone. The highway consists of two ten-foot concrete lanes with ten-foot shoulders. There is a bend in the road about 400 feet west of the plaintiff's property which would limit the range of vision of drivers entering the highway from it. On the appeal of the case, the court permitted the plaintiff to call as a witness Charles O. Pratt of Stratford, who testified as a civil engineer engaged in traffic work. He said that he had first seen the area the day before, having gone there at 9:30 a.m. for fifteen or twenty minutes. He then returned to the area a little after 10 o'clock and spent about three-quarters of an hour there. On the day of the trial he spent about an hour at the site, arriving there at 8:30 a.m. Mr. Pratt's testimony is printed in full and is made the basis of the court's finding. The court's conclusion was that the evidence before the defendant on the amount of traffic was not sufficient for the defendant to conclude that a serious hazard would result from the granting of the permit. In so holding, the court misconceived the point involved. In *Atlantic Refining Co.* v. *Zoning Board of Appeals,* 142 Conn. 64, 69, 111 A.2d 1, we approved the conclusion of the local authority that the location of a gasoline station at the site in question would be hazardous because of the traffic conditions. The most that can be said of Mr. Pratt's testimony in the present case is that in his opinion a serious traffic hazard was not apparent. The defendant, however, had before it ample matter, in the way of verbal testimony and exhibits, to support a conclusion that a gasoline station at the point in question presented a traffic hazard and involved a safety factor.

The defendant, in considering the application for a special exception, was acting in its capacity as a zoning board of appeals under the zoning regulations. In passing upon the suitability of the location for a gasoline station, it was acting as an agency of the state under § 2538. It is not necessary for us to determine whether a special exception should have been granted. Since the defendant found that a gasoline station at the location in question would constitute a traffic hazard, its refusal of the certificate was justified even if the zoning regulations permitted the use of the property for a gasoline station. Courts must be scrupulous not to hamper the legitimate activities of civic administrative boards by indulging in a microscopic search for technical infirmities in their action. *Couch* v. *Zoning Commission*, 141 Conn. 349, 358, 106 A.2d 173. In the instant case, the court was not justified in concluding that the action of the defendant was arbitrary, unreasonable and in abuse of its discretion.

There is error, the judgment is set aside and the case is remanded with direction to dismiss the appeal.

In this opinion the other judges concurred.