## Gulf Oil Corporation *v.* Board of Selectmen of the Town of Brookfield

Inglis, C. J., Baldwin, O'Sullivan, Wynne and Daly, Js.

Argued October 4—decided November 13, 1956

*A. Searle Pinney,* for the appellant (defendant).

*Henry B. Anderson,* for the appellee (plaintiff).

DALY, J. The plaintiff desired to obtain from the commissioner of motor vehicles a license for the sale of gasoline under the provisions of § 2536 of the General Statutes and, as required by the provisions of § 2538, filed an application with the defendant board for a certificate of approval of the location of the property for which the license was desired. The board held a hearing, as required by § 2539, denied the application and refused to issue a certificate. The plaintiff appealed to the Court of Common Pleas. That court rendered judgment sustaining the appeal and directing the board "to issue the requested certificate of approval to the plaintiff, subject to any proper conditions which the defendant Board may attach to its approval." The defendant has appealed from the judgment.

The plaintiff has an option to purchase the land located at the southeast corner of the intersection of route 133 and Obtuse Road South in the town of Brookfield. At the hearing before the board, on September 7, 1955, the plaintiff offered plans showing the type of service station facilities it proposed to place upon the property. Its real estate representative explained the plans and the proposed location of the facilities and use of the premises. A traffic engineer engaged by the plaintiff stated the results of a traffic volume count, speed check and investigation of traffic conditions at and near the intersection made on Sunday, August 14, 1955. He expressed the opinion that the traffic conditions in the vicinity were such that the operation of a gasoline service station at the proposed location would not

create an unusual or undue hazard. However, after he had been reminded that August 14 was only a day or two after a hurricane had visited the community, he said that he had no way of knowing whether the traffic conditions on the day he made his investigation were normal. In addition, he stated that since no school busses stopped near the property while he was making his investigation, he did not take into consideration the fact that school busses would be stopping nearby on school days. Although the hearing was rather informal, statements concerning existing hazardous traffic conditions at the intersection were made by residents who objected to the granting of the application.

Section 2539 of the General Statutes provides that the selectmen shall, upon receipt of an application for the certificate of approval referred to in § 2538, assign and hold a hearing upon the application and that no certificate shall be issued unless the selectmen "shall find that such location is suitable for the sale of gasoline and other products, due consideration being given to the proximity of schools, churches, theatres or playhouses or other places of public gatherings, intersecting streets, traffic conditions, width of highway and effect of public travel, and that such use of such proposed location will not imperil the safety of the public." The board denied the application "because of the school bus stop at that corner and the hazardous conditions of travel." The plaintiff, in and by its appeal from the board's action denying the application, claimed that the board had abused the power and authority vested in it and acted arbitrarily and illegally.

At the hearing upon the appeal in the trial court, the parties stipulated that school busses make two stops on the north side of route 133 in the morning

and afternoon and two stops on the south side in the morning and afternoon. The court heard no additional testimony but did, by agreement of counsel, visit the site. It concluded that there are no places of public gathering near enough to the proposed location to be factors in determining whether the application should be granted; that upon the uncontroverted evidence before the board and its members' knowledge of the location, the board could only have reasonably determined that the operation of a gasoline station at the site would not imperil the safety of the public; and that the board, in denying the plaintiff's application, did not state or find that the proposed gasoline service station would create an unusual or undue hazard or imperil the safety of the public.

The court made a finding of facts. The defendant, in its first three assignments of error, claims that the court erred in finding facts without evidence. We have repeatedly stated that a trial court should not make a finding of facts where it hears no evidence. Such a finding would add nothing to the record. It might well cloud the issue. *Winchester Repeating Arms Co.* v. *Radcliffe,* 134 Conn. 164, 169, 56 A.2d 1. In the present case, however, it is apparent that the trial court did take evidence. The memorandum of decision states that the court had before it the record of the proceedings before the board. This record, unlike those on appeals from zoning boards of appeal under § 379d of the 1955 Cumulative Supplement, came to the trial court by being introduced in evidence and was marked as an exhibit. The finding should have stated whether the exhibit was a true record of the proceedings. However, we interpret all of the finding of subordinate facts, except so much of that finding as is stated to have been found

upon a view of the premises, as being a summary of what appeared in the record of the proceedings before the board and therefore as being properly in the finding. So much of the finding as states facts which appeared to the court on the inspection of the premises is properly a part of the finding. Practice Book § 391.

The appeal was from the action of an administrative board, acting as the local authority by whom the question of the suitability of the proposed location for the sale of gasoline was to be determined, subject to an appeal to the Court of Common Pleas. The function of that court upon such an appeal is to decide whether the board acted illegally or arbitrarily and in abuse of its legal discretion. The appeal is not one in the sense of a transfer of jurisdiction from one court to another. The court cannot substitute its discretion for that reposed in the board. The court could direct a certificate to be issued by the board only where, upon the record of the proceedings before the board, the only reasonable conclusion would be that the applicant was entitled to receive the certificate. *Colonial Beacon Oil Co.* v. *Zoning Board of Appeals,* 128 Conn. 351, 355, 23 A.2d 151. The issue before the court was: Could the board reasonably conclude that the presence of the gasoline station at the location in question would unduly imperil the safety of the public? *Mrowka* v. *Board of Zoning Appeals,* 134 Conn. 149, 155, 55 A.2d 909.

The facts bearing upon the effect of the operation of a gasoline service station upon traffic safety are not such that expert testimony was necessary for the enlightenment of the board. *Dadukian* v. *Zoning Board of Appeals,* 135 Conn. 706, 710, 68 A.2d 123. Moreover, the board was not bound to adopt the opinion of the traffic engineer who stated that traffic

conditions in the vicinity were such that the operation of the station at the proposed location would not create an unusual or undue hazard. *Atlantic Refining Co.* v. *Zoning Board of Appeals,* 142 Conn. 64, 67, 111 A.2d 1. The board's members were entitled to regard any facts, concerning the location, traffic and surrounding circumstances, which they had learned by personal observation to the same extent as though they were offered in evidence. *Mrowka* v. *Board of Zoning Appeals,* 134 Conn. 149, 154, 55 A.2d 909. The burden of proving that the board acted improperly was upon the plaintiff. We cannot assume that the board did not consider and comply with the requirements of the statutes as to the conditions necessary for its approval of the location. *Perdue* v. *Zoning Board of Appeals,* 118 Conn. 174, 178, 171 A. 26.

In stating that the application was denied "because of the school bus stop at that corner and the hazardous conditions of travel," the board did, in effect, say that a gasoline service station at the location in question would imperil the safety of the public. Since it reasonably could, and did, so find, its refusal of the certificate was justified. Courts must be scrupulous not to hamper the legitimate activities of civic administrative boards by indulging in a microscopic search for technical infirmities in their actions. *Silver Lane Pickle Co.* v. *Zoning Board of Appeals,* 143 Conn. 316, 319, 122 A.2d 218; *Couch* v. *Zoning Commission,* 141 Conn. 349, 358, 106 A.2d 173. There can be no doubt about the wide discretion attaching to the board as an administrative agency of government. It is a discretion which may be overruled only if the board has not acted fairly or with proper motives or upon valid reasons. *Executive Television Corporation* v. *Zoning Board*

*of Appeals,* 138 Conn. 452, 455, 85 A.2d 904. The appeal called upon the court merely to test the action of the board in voting not to issue a certificate of approval on the plaintiff's application. The effect of the judgment was to impose the judicial will upon an administrative board. This was not within the judicial function. *Watson* v. *Howard,* 138 Conn. 464, 469, 86 A.2d 67.

There is error, the judgment is set aside and the case is remanded with direction to render judgment dismissing the appeal.

In this opinion the other judges concurred.