## ESSO STANDARD OIL COMPANY ET AL. *v.* ZONING BOARD OF APPEALS OF WEST HARTFORD

BALDWIN, C. J., KING, MURPHY, SHEA and BORDON, Js.

Argued June 13—decided June 27, 1961

*Peter B. Sullivan,* for the appellant (named plaintiff).

*Victor J. Dowling,* assistant corporation counsel, with whom, on the brief, was *Nicholas A. Lenge,* corporation counsel, for the appellee (defendant).

BALDWIN, C. J. The plaintiff Esso Standard Oil Company had an option to purchase property at

the corner of South Quaker Lane and Crocker Avenue in West Hartford. The property was owned by the plaintiff Giuseppe Rossano. In November, 1959, the plaintiffs applied to the defendant, pursuant to General Statutes § 14-321, for the approval of the location for a gasoline station. They also applied for a variance to permit the placing of a pump island and ground sign outside the building line. West Hartford Zoning Regs. § 18 (B) (1945, as amended). Esso has appealed from a judgment of the Court of Common Pleas dismissing the plaintiffs' appeal from the defendant's denial of their application.

In passing upon the plaintiffs' application under General Statutes § 14-321, the defendant was not called upon to exercise zoning powers but was acting as an agent of the state. *Silver Lane Pickle Co.* v. *Zoning Board of Appeals,* 143 Conn. 316, 319, 122 A.2d 218; *Atlantic Refining Co.* v. *Zoning Board of Appeals,* 142 Conn. 64, 66, 111 A.2d 1. The determinative question was whether the location was suitable, "due consideration being given to the proximity of schools, churches, theatres or playhouses or other places of public gatherings, intersecting streets, traffic conditions, width of highway and effect of public travel," and whether the proposed use would imperil the safety of the public. General Statutes § 14-322; *Executive Television Corporation* v. *Zoning Board of Appeals,* 138 Conn. 452, 455, 85 A.2d 904; *Mrowka* v. *Board of Zoning Appeals,* 134 Conn. 149, 153, 55 A.2d 909.

It appeared at the hearing before the defendant that the portion of the premises which the plaintiffs proposed to use for a gasoline station was in a narrow business zone which fronted on South Quaker Lane and was only 125 feet in depth. Under

the zoning regulations, the use was permitted in that zone.   West Hartford Zoning Regs. § 8 (B) (1945, as amended).   Much of the surrounding territory is multifamily-medium density residential. There is a gasoline station on South Quaker Lane across the street from the proposed location.   There was evidence of the proximity of schools, a church and other places of public gatherings, of the width, grade and sight line of South Quaker Lane, of intersecting streets, and of traffic conditions which could affect the public safety.   The issue was sharply contested.   The members of the defendant personally viewed the location.   *Mrowka* v. *Board of Zoning Appeals,* supra, 154.   It was the function of the court on appeal to review the action of the defendant and determine whether it had abused the discretion accorded to it under the statutes.   The court could not substitute its discretion for the liberal discretion allowed to the defendant, an administrative board.   *Gulf Oil Corporation* v. *Board of Selectmen,* 144 Conn. 61, 65, 127 A.2d 48.   A review of the proceedings before the defendant shows that the issue whether public safety would be imperiled by a gasoline station at the proposed location was fairly debatable.   The court did not err in dismissing the appeal.

Since we have sustained the trial court in dismissing the appeal from the refusal of the defendant to approve the location, it is unnecessary to discuss its refusal to grant the variance which the plaintiffs requested.

There is no error.

In this opinion the other judges concurred.