BERNARD MCDERMOTT ET AL. *v.* ZONING BOARD OF APPEALS OF THE TOWN OF WEST HAVEN ET AL.

BALDWIN, C. J., KING, MURPHY, SHEA and ALCORN, Js.

Argued April 2—decided May 9, 1963

*John W. Colleran,* with whom, on the brief, was *Dennis N. Garvey,* for the appellant (named plaintiff).

*Anthony S. Avallone,* with whom, on the brief, was *Joseph E. Bove,* for the appellee (defendant Granato); with him also was *Charles H. Fischer, Jr.,* for the appellee (named defendant).

BALDWIN, C. J.  The plaintiff Bernard McDermott owns and operates a gasoline station at 9 Kimberly Avenue in West Haven.  Kimberly Avenue is a heavily traveled main thoroughfare between West Haven and New Haven.  McDermott also owns and resides in a house in the general neighborhood. The defendant zoning board of appeals, acting under General Statutes § 14-322, granted a certificate of approval to the defendant Mark Granato for the location of a gasoline station at 36-42 Kimberly Avenue, which is across the avenue and about 150 feet from McDermott's station.  The Court of Common Pleas dismissed the plaintiffs' appeal from the action of the board, and McDermott has appealed from that judgment.

The board was acting pursuant to General Statutes §§ 14-321 and 14-322.  In determining the suitability of the proposed location for a gasoline station, the board was performing a special statutory

function as an agency of the state. *Dubiel* v. *Zoning Board of Appeals,* 147 Conn. 517, 520, 162 A.2d 711. Any person aggrieved by the board's action was entitled to appeal to the Court of Common Pleas under General Statutes § 14-324. In the present appeal, McDermott alleged that he was a resident, property owner and taxpayer in West Haven, that frequently he traveled past the proposed location, that his property would be adversely affected if the location was approved, and that for these reasons he was aggrieved by the board's action. To invoke judicial power to review the board's action, McDermott had the burden of proving that he was aggrieved within the meaning of § 14-324 and therefore was in a position to challenge the action taken by the board. *Milford* v. *Commissioner of Motor Vehicles,* 139 Conn. 677, 681, 96 A.2d 806. McDermott attempted to sustain this burden by showing that a gasoline station on the site proposed would increase the existing traffic congestion on this heavily traveled highway and would depreciate the value of his property. The court, however, failed to credit his proof of property devaluation, found that McDermott had "no standing in court as a competitor," and concluded that he was not aggrieved.

To show that he was aggrieved and therefore entitled to appeal under General Statutes § 14-324, it was not essential for McDermott to prove that his property would be depreciated in value. General Statutes § 14-322 is primarily concerned with factors pertaining to public safety rather than property values. *Esso Standard Oil Co.* v. *Zoning Board of Appeals,* 148 Conn. 507, 508, 172 A.2d 607. To issue a certificate of approval under § 14-322, the board was required to find that the proposed location was suitable, due consideration

being given to the factors designated in the statute, and that the proposed use would not imperil the public safety. A person is aggrieved within the meaning of § 14-324 if he has a personal or property interest which will be substantially and adversely affected by a finding of the board that the location is suitable and that its use for a gasoline station will not imperil the safety of the public. *Milford* v. *Commissioner of Motor Vehicles,* supra; see *Norton* v. *Shore Line Electric Ry. Co.,* 84 Conn. 24, 33, 78 A. 587; *Kamerman* v. *LeRoy,* 133 Conn. 232, 237, 50 A.2d 175; *O'Connor* v. *Board of Zoning Appeals,* 140 Conn. 65, 72, 98 A.2d 515.

In addition to the evidence concerning depreciation in the value of his property, McDermott offered evidence that the proposed station would be located on a curve approximately across the avenue from his gasoline station, that the traffic on the avenue is extremely heavy now and that another gasoline station would increase the already existing congestion and create more cross traffic. The court, in determining the issue of aggrievement, should have considered this evidence from the viewpoint not alone of property values but of whether McDermott's interests would be substantially and materially affected by the board's finding that the proposed location was suitable and that its use for a gasoline station would not imperil the safety of the public. There is no rule of thumb applicable to every case. Whether a person is aggrieved by the action of an administrative authority must depend, in large part, on the circumstances of the particular case.

Although an appellant may not prove that he is aggrieved solely by reason of the fact that a proposed gasoline station would, in view of competi-

tion, depreciate the value of his property, he is not to be penalized because that feature is in the case. The mere fact that one is a business competitor does not disqualify him from being an aggrieved person for other valid reasons. 1 Rathkopf, Law of Zoning and Planning (3d Ed.) p. 40-16; accord, *Zuckerman* v. *Board of Zoning Appeals,* 144 Conn. 160, 163, 128 A.2d 325; *Farr* v. *Zoning Board of Appeals,* 139 Conn. 577, 583, 95 A.2d 792. This is not to say, of course, that an aggrievement for valid reasons other than competition is not an essential element. See *Langbein* v. *Planning Board,* 145 Conn. 674, 676, 146 A.2d 412. The trial court, in dismissing the appeal, applied an incorrect standard of aggrievement.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.