ALLEN HELFANT ET AL. *v*. ZONING BOARD OF APPEALS OF THE TOWN OF WILTON

KING, C. J., MURPHY, ALCORN, HOUSE and COTTER, Js.

Argued October 6—decided October 28, 1965

*William R. Curtis,* for the appellants (plaintiffs).

*Lawrence P. Dennin, Jr.,* for the appellee (defendant).

COTTER, J. American Oil Company, one of the plaintiffs, pursuant to an agreement of sale with the plaintiffs Allen and Margaret E. Helfant, applied to the defendant board for a certificate of approval for the location of a gasoline service station on the Helfant property. The board denied the application, and the plaintiffs joined in an appeal to the Court of Common Pleas, claiming that the board had acted illegally, arbitrarily and in abuse of its discretion. The court found for the defendant and the present appeal was taken.

In passing on an application for the approval of a location of a service station, the board acts as an agent of the state under General Statutes §§ 14-321 and 14-322, its sole function being to determine if the site in question will be suitable according to specific statutory criteria designed to promote and protect the public safety.[1]  *McDermott* v. *Zoning Board of Appeals,* 150 Conn. 510, 511, 191 A.2d 551; *Esso Standard Oil Co.* v. *Zoning Board of Appeals,* 148 Conn. 507, 508, 172 A.2d 607; *Dubiel* v. *Zoning Board of Appeals,* 147 Conn. 517, 520, 162 A.2d 711; *Silver Lane Pickle Co.* v. *Zoning Board of Appeals,* 143 Conn. 316, 319, 122 A.2d 218; *Atlantic Refining Co.* v. *Zoning Board of Appeals,* 142 Conn. 64, 66, 111 A.2d 1; *Herrup* v. *Hartford,* 140 Conn. 622, 628, 103 A.2d 199. The discretion is vested in the board, and a reviewing court must limit its role to determining if the board acted illegally, arbitrarily, or so unreasonably as to constitute an abuse of its discretion.  *Gulf Oil Corporation* v. *Board of Selectmen,* 144 Conn. 61, 65, 127 A.2d 48; *Watson* v. *Howard,* 138 Conn. 464, 469, 86 A.2d 67; *Executive Television Corporation* v. *Zoning Board of Appeals,* 138 Conn. 452, 454, 85 A.2d 904; *Mrowka* v. *Board of Zoning Appeals,* 134 Conn. 149, 155, 55 A.2d 909. Refusal to grant a certificate of approval for a gasoline station is proper where there is good reason to do so from the standpoint of public safety, upon substantial reasons as found by the board.  Note,

[1] "Sec. 14-322.  HEARING AND FINDING OF SUITABILITY. . . .  No such certificate shall be issued unless such . . . board of appeals finds that such location is suitable for the sale of gasoline and other products, due consideration being given to the proximity of schools, churches, theatres or playhouses or other places of public gatherings, intersecting streets, traffic conditions, width of highway and effect of public travel, and that such use of such proposed location will not imperil the safety of the public. . . ."

75 A.L.R.2d 168, 215, 221; see 24 Am. Jur., Gasoline Filling Stations, § 7.

The plaintiffs contend that the board, on the evidence before it, could not reasonably conclude that the operation of a service station at the proposed location would imperil the safety of the public and that its action in denying the application was therefore an abuse of discretion. The facts were not in dispute. The property in question is located on route 7 in Wilton, in an area primarily devoted to small commercial uses. A Texaco service station adjoins the plaintiffs' property on route 7 to the north. Continuing further north, after the intersection of route 7 and Orem's Lane, a dead-end road, are located Orem's Diner, Young's Plant and Shrub Nursery, and Orem's Dairy. On the opposite side of route 7 from the proposed site is the intersection of Sharp Hill Road, a residential street sloping slightly downward as it meets route 7. A Flying A service station, nonconforming as to setbacks from the highway, is located opposite the Texaco station on route 7. The board concluded from these factors,[2] among others, that "the congestion in the area and the closeness of business and other structures to the road make the proposed location for the gasoline service station particularly dangerous from the point of traffic hazard." We have said on prior occasions that it is advisable for a board to state the reasons for action taken by it under § 14-322, at the risk that a reviewing court will be unable to find any reasonable basis for the decision made.

[2] Although the board did not specifically make mention of any public buildings in the minutes of its executive session, there was evidence that Our Lady of Fatima Church and School, as well as the town hall, were located on route 7 in this general area. The board was of course entitled to take these locations into consideration when making its decision.

*Atlantic Refining Co.* v. *Zoning Board of Appeals,* 150 Conn. 558, 561, 192 A.2d 40; *Dubiel* v. *Zoning Board of Appeals,* 147 Conn, 517, 520, 523, 162 A.2d 711. The facts relied on by the board in this case were fully set out in the minutes of its executive meeting of November 18, 1963, and these minutes were made a part of the board's answer in the appeal filed by the plaintiffs in the Court of Common Pleas. Nothing in this record indicates that the board employed any criteria other than those considerations of public safety specifically enumerated in the statute, which embrace the limits of its authority when acting in the capacity delegated to it by § 14-322. Speculation by the plaintiffs that the board was motivated by certain policy considerations outside the scope of the statute cannot of course be credited without supporting evidence. *Gulf Oil Corporation* v. *Board of Selectmen,* 144 Conn. 61, 66, 127 A.2d 48. The board presumptively operated within the mandate of the statute, and, based on the facts and conclusions recorded at the time of its decision, we cannot say that it acted unreasonably or in abuse of its discretion. *Miller* v. *Zoning Board of Appeals,* 138 Conn. 610, 613, 87 A.2d 808.

*Executive Television Corporation* v. *Zoning Board of Appeals,* 138 Conn. 452, 85 A.2d 904, cited by the plaintiffs, differs factually in that the principal business of the applicant in that case was a carwashing facility, and permission to operate a retail gasoline outlet was primarily designed to accommodate the customers of that business, all of whom were required to enter the premises from a side street bearing "very little traffic." The board in the *Executive* case gave no reasons for its denial of the certificate, either in its own record or to the Court of Common Pleas, and that court specifically found

that no evidence had been offered before the board from which it could reasonably have concluded that the use of the proposed site as a gasoline station would imperil the public safety.

The second claim of the plaintiffs is that the board's denial of the instant application, after having approved a similar application for a new Texaco station on adjoining and nearly identical property some three months earlier, was arbitrary and discriminatory. Even assuming these two sites were indistinguishable geographically, it does not follow that identical conclusions must be reached when applying the statutory criteria as to suitability. The contemporary use of the property at the time of the application is also relevant, particularly in this case, where there was already a Texaco station located on the premises for which the new Texaco certificate was requested. This already-existing station was nonconforming as to local zoning regulations governing minimum setbacks from the highway, while the new station was to be erected to conform to all setback regulations. The property for which the American certificate was sought was unimproved. Since the denial of the Texaco application for a new station would have had the effect of leaving the existing and nonconforming station in operation, the board, acting in the public interest, could reasonably have concluded that the Texaco application represented a potential improvement in traffic conditions, while the American application represented a potential traffic hazard. It is also clear that the traffic problems created by a single service station are different from those created by two contiguous stations on a main highway or traffic artery. There were justifiable grounds for denying the American application while approving the prior Texaco application, and

the board's action in so doing was not discriminatory. See *Barnini* v. *Liquor Control Commission*, 146 Conn. 416, 417, 420, 151 A.2d 697.

The assignment of error dealing with the motion for rectification of the appeal has not been pursued and is considered abandoned.

There is no error.

In this opinion the other judges concurred.