[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE:
This matter comes before the court on an appeal by the plaintiff, Charles Santangelo ("Santangelo"), from a decision by the Zoning Commission of the City of Derby. The appeal arose from a decision of the Commission denying the plaintiff's request for a special exception use in an I-1 industrial zone. The special exception use was for a combination gas station and convenience store and a car wash on Division Street in the City of Derby.
The subject property has been used as a combination gas station and car wash. On April 6, 1992, the plaintiff filed his application for a special exception use to construct and operate a new combination gasoline station and convenience store as well as a car wash on the same site, the former operation having become defunct more or less. Several public hearings were held, the final one being November 4, 1992. The Commission, on November 17, 1992, voted to deny the application, resulting in the instant appeal. No reasons for the denial were placed on the record.
Section 8-3c(b) of the Conn. General Statutes requires that the Commission state upon the record the reasons for its decision. Failure to do so does not however render their decision void. It is incumbent upon the court to search the record to determine the basis for the Commission's decision. See Morningside Associationv. Planning and Zoning Commission, 162 Conn. 154, 156.
While convenience stores operated in conjunction with gasoline CT Page 7091 stations seem to be a growing industry in our state as evidenced by such entities along the Wilbur Cross and Merritt Parkways, the court is nevertheless bound by the normal meaning of the language contained in the Derby Zoning Ordinance.
The threshold issue for the court to determine is whether a convenience store which is an adjunct of the gasoline station fits into the special exception use permitted in an I-1 zone.
Special exceptions allowed within the I-1 zone are listed in Schedule No. 1, Page 2 of the Schedule of Permitted Uses and Standards by district. Such exceptions permitted within the I-1 zone are as follows:
 "Public or semi-public building, gasoline station, public garage, motor vehicle dealer or repair shop, theatre, multi-family dwelling and restaurant, indoor commercial recreation facility, hotels and motels."
Thus, a gasoline station is a specially permitted use in an I-1 zone.
A gasoline station is defined in Section 25-4 of the Derby Zoning Ordinances as follows:
 "Any building, place or location, that is used or designed to be used for the supply of gasoline, oil and grease and sundry supplies for motor vehicles or motor boats. For the purpose of this chapter, there shall also be deemed to be included within this term any area or structure used or designed to be used for polishing, washing, spraying, dry cleaning or otherwise cleaning or servicing such motor vehicles, or for such repairs made by a `licensed repairer' as defined in Chapter 246, Section 14-51 of the General Statutes as amended."
We find no language in the definition which even remotely refers to a convenience store.
It is incumbent upon the court to review the zoning ordinance in the light of our everyday activity. It is not, however, the prerogative of the court to read into the definition of a gasoline station something that is not there. The court must construe the language giving to it its normal meaning and may not infer something that is not found therein. While such an operation CT Page 7092 appears to be growing in use, the court cannot interpret the language of the ordinance to include an activity that is not contained within the definition of a gasoline station as defined in the ordinance. The court finds that under the Derby Zoning Ordinance a convenience store is not included within the definition of a gasoline station.
The plaintiff claims further that the Commission acted illegally or in abuse of its discretion in failing to accept the testimony of their traffic expert and instead relied upon their own knowledge of traffic conditions.
While it is true that a lay commission such as the Zoning Commission may not act on its own knowledge and experience contrary to expert testimony concerning technically complex issues, Feinsonv. Conservatory Commission, 180 Conn. 421, traffic congestion and safety issues are not technically complex issues.
 "The facts bearing upon the effect of the operation of a gasoline service station upon traffic safety are not such that expert testimony was necessary for the enlightenment of the board. . . . The board's members were entitled to regard any facts concerning the location, traffic and surrounding circumstances, which they had learned by personal observation to the same extent as though they were offered in evidence."
Gulf Oil Corporation v. Board of Selectmen, 144 Conn. 61, 65.
While it would make sense for the Commission to hear and consider the testimony of any traffic consultant, the commissioners were entitled to rely upon their own knowledge and observations.
Finally, the plaintiff claims that a land use agency cannot deny an application for a permitted use because of off-site traffic considerations. The cases cited by the plaintiff deal with uses permitted as of right within the zone and not special exception uses. In Friedman v. Planning and Zoning Commission of the Town ofRocky Hill, 222 Conn. 262, plaintiff relies upon the language that: "[o]nce a zoning authority establishes that a particular use within a zone is permitted . . . a conclusive presumption arises that such a use in general does not adversely affect the traffic within the zone." The court, however, went on to state that "even in the cases where the presumption arises, it does not preclude an examination into the special traffic consequences of a site plan CT Page 7093 when the applicable zoning regulations permit it." Id. at 266.
Section 25-12(q)(4) of the Derby Zoning Ordinance states in part that "[s]treets serving the proposed use shall be adequate to carry prospective traffic without congestion and undue hazards."
One can see from an examination of the zoning ordinance that the Commission is required to take into account any traffic congestion that might arise from the proposed use. For all of the above reasons, the appeal is hereby denied.
By The Court
Curran, J. State Trial Referee