HENDEL'S INVESTORS COMPANY *v.* ZONING BOARD OF APPEALS OF THE TOWN OF MONTVILLE ET AL.
(AC 19467)
(AC 19667)

Mihalakos, Zarella and Hennessy, Js.

---

Argued October 18, 2000—officially released March 13, 2001

*Francis J. Pavetti,* for the appellant (plaintiff).

*Harry B. Heller,* for the appellee (defendant Christy's Market, Inc.).

### Opinion

MIHALAKOS, J. In this consolidated appeal, the plaintiff, Hendel's Investors Company, appeals from the judgment of the Superior Court dismissing its administrative appeal from the decision of the defendant zoning board of appeals of the town of Montville (board). At issue is the board's decision to grant the defendant Christy's Market, Inc. (Christy's), a certificate of approval for the

location of a gasoline station. On appeal, the plaintiff raises the following two part claim: (1) the court improperly concluded that the plaintiff failed to prove aggrievement; and (2) an examination of the record discloses that the board's decision was not supported by substantial evidence. In response, the defendants[1] argue, inter alia, that the plaintiff failed to plead aggrievement properly and that the court, consequently, did not have subject matter jurisdiction to hear the administrative appeal. We affirm the judgment of the trial court on that ground.

The record discloses the following facts and procedural history. On April 30, 1997, Christy's, seeking to construct a gasoline station in Montville, filed an application with the board for a certificate of location approval, as required under General Statutes § 14-321.[2] The proposed location, 2191 and 2205 Norwich-New London Turnpike, was diagonally across the street from the plaintiff's property on which there is an operating gasoline station.

On July 9, 1997, the board conducted a hearing on Christy's application. Scott F. Hesketh of F. A. Hesketh & Associates, Inc., a civil and traffic engineering firm, testified on behalf of Christy's and presented a study he had conducted concerning traffic patterns near the proposed site. The study concluded that "there [were] no serious traffic concerns which must be addressed or which require mitigation in planning for the introduction of the . . . Texaco-Christy's

---

[1] The board adopted the brief filed by Christy's.

[2] General Statutes § 14-321 provides in relevant part: "Any person who desires to obtain a license for the sale of gasoline or any other product, under the provisions of section 14-319, shall first obtain and present to the commissioner a certificate of approval of the location for which such license is desired. The certificate of approval shall be obtained from the local authority of the town, city or borough where the station or pump is located or is proposed to be located. . . ."

Market at [the proposed] location." The attorney for Christy's also testified in support of the application.

The plaintiff, through its attorney, cross-examined Hesketh regarding department of transportation data indicating that there had been nineteen traffic accidents during the past three years in the vicinity of the proposed site. Hesketh testified that the accidents were not indicative of a problem, given the low volume of traffic, and that he had not included the data in his study because the department of transportation had not identified the area as being a "problem area."

The plaintiff's attorney also submitted an assessor's map (map 103) delineating a "jog"[3] in the Norwich-New London Turnpike near the proposed site. The plaintiff did not provide any other evidence.

Thomas Sanders, Montville's zoning enforcement officer, recommended that the board approve the application. Sanders' report indicated that the department of transportation had reviewed the proposal, the plans and the traffic study, and had not expressed any specific concerns regarding the location. His report also indicated that, at one time, there had been three gasoline stations in the area and that two of them had since been converted to auto repair facilities. Sanders' report also stated: "It appears that since the opening of Mohegan Sun Resorts, the need for gasoline stations has increased."

Approximately one month after the board's hearing, on August 6, 1997, the board, finding that the proposed location was appropriate for the sale of gasoline, approved Christy's application. The board expressly discounted the plaintiff's concerns regarding the jog

---

[3] "Jog," as used here, is defined as "a brief abrupt change in direction." Merriam-Webster's Collegiate Dictionary (10th Ed. 1993).

depicted on map 103. In so doing, the board relied on the map's notation, "Not to be used for conveyances."

On August 25, 1997, the plaintiff appealed to the Superior Court from the board's decision, as permitted under General Statutes § 14-324.[4] On September 24, 1998, the court conducted a hearing to determine whether the plaintiff was aggrieved, and on March 24, 1999, the court, finding that the plaintiff had failed to meet its burden of proving aggrievement, dismissed the appeal for lack of subject matter jurisdiction.

On April 7, 1999, the plaintiff filed an appeal in this court, along with a petition for certification to appeal, which was granted on May 19, 1999. Thereafter, on June 3, 1999, the plaintiff filed a second appeal, which was identical to its first appeal. On July 16, 1999, we consolidated the appeals, pursuant to Practice Book § 61-7 (b) (3),[5] and ordered the parties to brief the issue of whether the plaintiff was required to petition this court for certification to appeal pursuant to General Statutes (Rev. to 1997) § 8-8 (o), now (n). Additional facts and procedural history will be provided as necessary.

I

The parties complied with our July 16, 1999 order and maintain that the granting by this court of certification to appeal pursuant to § 8-8 (o), now (n), was not required. We agree.

The plaintiff is challenging an action taken by a zoning board of appeals pursuant to § 14-321.[6] Section 14-324,

[4] General Statutes § 14-324 provides in relevant part: "Any person aggrieved by the performance of any act provided for in sections 14-319 to 14-322, inclusive, by the local authority may take an appeal therefrom to the superior court for the judicial district within which such town or city is situated . . . ."

[5] Practice Book § 61-7 (b) (3) provides: "The appellate court, on motion of any party or on its own motion, may order that appeals pending in the appellate court be consolidated."

[6] See footnote 2.

which references § 14-321, provides in relevant part: "Any person aggrieved by the performance of any act provided for in sections 14-319 to 14-322, inclusive, by the local authority may take an appeal therefrom to the superior court for the judicial district within which such town or city is situated, *or in accordance with the provisions of section 4-183* . . . ." (Emphasis added.)

General Statutes § 4-183 is contained in chapter 54 of the General Statutes, the Uniform Administrative Procedure Act (UAPA). Section 4-183 creates a right to appeal from a decision of an administrative agency to the Superior Court. The next section of the UAPA, General Statutes § 4-184, provides: "An aggrieved party may obtain a review of any final judgment of the Superior Court *under this chapter.* The appeal shall be taken in accordance with *section 51-197b.*" (Emphasis added.)

General Statutes § 51-197b (d) provides: "Except as provided in sections 8-8, 8-9 and 22a-43, there shall be a *right to further review* to the Appellate Court under such rules as the judges of the Appellate Court shall adopt." (Emphasis added.) Regarding administrative appeals, § 51-197b establishes a right of direct appeal to the Appellate Court from a judgment of the Superior Court. *Ensign-Bickford Realty Corp.* v. *Zoning Commission*, 245 Conn. 257, 263, 715 A.2d 701 (1998). That right is qualified, however, by General Statutes §§ 8-8, 8-9 and 22a-43. Our analysis reveals that those three statutes do not apply to the present case.

Sections 8-8 and 8-9 are contained in chapter 124 of the General Statutes. Section 8-9 provides: "Appeals from zoning commissions and planning and zoning commissions may be taken to the Superior Court and, *upon certification for review,* to the Appellate Court in the manner provided in section 8-8." (Emphasis added.) Section 8-9 merely establishes a conditional right of appeal to this court from the Superior Court; however,

it applies only when an action taken by a zoning board pursuant to chapter 124 ultimately is challenged. See *Berigow* v. *Davis*, 116 Conn. 553, 556, 165 A. 790 (1933). In the present case, the board acted pursuant to § 14-321, which is contained in chapter 250, not chapter 124. Consequently, § 8-8 and § 8-9 do not apply.

Section 22a-43[7] is contained in chapter 440 of the General Statutes, the Inland Wetlands and Watercourses Act, and applies only when a "regulation, order, decision or action made pursuant to sections 22a-36 to 22a-45" is challenged. In the present case, only an action taken pursuant to § 14-321 is challenged. Therefore, § 22a-43 does not apply to the present case.

Thus, for the foregoing reasons, we conclude that the legislature created a right of direct appeal to this court from the Superior Court when an action taken by a zoning board pursuant to § 14-321 ultimately is challenged. Accordingly, the plaintiff was not required to obtain from this court certification to appeal pursuant to § 8-8 (o), now (n).

II

Notwithstanding the plaintiff's invitation to consider its two part claim, we turn to the defendants' argument that the plaintiff failed to plead aggrievement properly. That issue is dispositive of this appeal.

---

[7] General Statutes § 22a-43 provides in relevant part: "The commissioner or any person aggrieved by any regulation, order, decision or action made pursuant to sections 22a-36 to 22a-45, inclusive, by the commissioner, district or municipality or any person owning or occupying land which abuts any portion of land or is within a radius of ninety feet of the wetland or watercourse involved in any regulation, order, decision or action made pursuant to said sections may, within the time specified in subsection (b) of section 8-8 from the publication of such regulation, order, decision or action, appeal to the superior court for the judicial district where the land affected is located, and if located in more than one judicial district to the court in any such judicial district. . . ."

The defendants claim that the facts alleged in the plaintiff's complaint, even if proven, do not constitute aggrievement as a matter of law. Therefore, the defendants assert, the plaintiff's administrative appeal properly was dismissed for lack of subject matter jurisdiction. That claim, which was raised in the trial court by the defendants and denied by that court, presents a question of law. Consequently, our review is plenary. See *Connecticut Associated Builders & Contractors* v. *Hartford*, 251 Conn. 169, 177, 740 A.2d 813 (1999).

Prior to examining the defendants' claim, it is necessary to set forth the relevant legal principles that govern our analysis. "In determining the suitability of a proposed location for a gasoline station and [consequently] whether [to] issue a certificate of approval, the zoning board of appeals [acts] as a special statutory agent of the state under §§ 14-321 and 14-322 of the General Statutes." (Internal quotation marks omitted.) *New Haven College, Inc.* v. *Zoning Board of Appeals*, 154 Conn. 540, 542, 227 A.2d 427 (1967). Appeals to the courts from determinations rendered by entities acting as agents of the state exist only under statutory authority. *Office of Consumer Counsel* v. *Dept. of Public Utility Control*, 234 Conn. 624, 640, 662 A.2d 1251 (1995). There is a statutory right to appeal from determinations by zoning boards concerning certificates of approval for locations of gasoline stations. That right is set forth in § 14-324.[8] That section is restrictive, however, in that it allows appeals to be taken only by "aggrieved" persons. General Statutes § 14-324.

"It is well settled that the question of aggrievement is a jurisdictional one . . . ." (Internal quotation marks omitted.) *Bakelaar* v. *West Haven*, 193 Conn. 59, 65, 475 A.2d 283 (1984). The question of aggrievement is

---

[8] See footnote 4.

also "a practical and functional one designed to assure that only those with a genuine and legitimate interest can appeal . . . ." (Internal quotation marks omitted.) *Beckish* v. *Manafort*, 175 Conn. 415, 419, 399 A.2d 1274 (1978). "Pleading and proof of facts that constitute aggrievement are essential prerequisites to the trial court's subject matter jurisdiction over an administrative appeal." *New England Rehabilitation Hospital of Hartford, Inc.* v. *Commission on Hospitals & Health Care*, 226 Conn. 105, 120, 627 A.2d 1257 (1993). "The trial court must be satisfied, first, that the plaintiff alleges facts which, if proven, would constitute aggrievement as a matter of law . . . ." *Beckish* v. *Manafort*, supra, 419; accord *New England Rehabilitation Hospital of Hartford, Inc.* v. *Commission on Hospitals & Health Care*, supra, 122. If the plaintiff fails to allege such facts, the appeal must be dismissed for lack of subject matter jurisdiction. *New England Rehabilitation Hospital of Hartford, Inc.* v. *Commission on Hospitals & Health Care*, supra, 121.

"[T]he fundamental test for determining aggrievement encompasses a well-settled twofold determination: first, the party claiming aggrievement must successfully demonstrate a specific personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the concern of all members of the community as a whole." (Internal quotation marks omitted.) *Med-Trans of Connecticut, Inc.* v. *Dept. of Public Health & Addiction Services*, 242 Conn. 152, 158–59, 699 A.2d 142 (1997). "The second prong of the aggrievement test requires the plaintiff to demonstrate that its asserted interest has been specially and *injuriously* affected in a way that is cognizable by law." (Emphasis added; internal quotation marks omitted.) Id., 159. In considering whether a plaintiff's interest has been injuriously affected by an administrative decision, our Supreme

Court considers "whether the injury [the plaintiff] complains of . . . falls within the zone of interests sought to be protected by the statutory provision whose violation forms the legal basis for [its] complaint." (Internal quotation marks omitted.) Id. A plaintiff claiming aggrievement is required to allege facts that, if proven, would satisfy both prongs of this fundamental test. See *New England Rehabilitation Hospital of Hartford, Inc.* v. *Commission on Hospitals & Health Care*, supra, 226 Conn. 120–22; *Beckish* v. *Manafort*, supra, 175 Conn. 419.

In the present case, paragraph six of the plaintiff's complaint, which contains its attempt to allege aggrievement, states: "6. Plaintiff is aggrieved by the decision of the Defendant ZBA in one or more of the following respects:

"a. The Plaintiff is the owner of land which is within a radius of 100 feet of the land for which the Certificate of Approval was granted by the Defendant ZBA upon the Application of the Defendant Christy's.[9]

"b. The Plaintiff has a specific personal and legal property interest which was specifically and injuriously affected by the action of the Defendant ZBA.

"c. The Plaintiff's property has been adversely effected [sic] and has been depreciated in value by virtue of the action of the Defendant ZBA."

Our examination of paragraph six of the plaintiff's complaint discloses that the plaintiff failed to allege facts that, if proven, would satisfy the second prong of the aggrievement test. Specifically, the plaintiff failed to allege an injury that falls within the zone of interests protected by the statutory provisions that comprise the legal basis for the complaint.

---

[9] As noted in the court's memorandum of decision, the plaintiff abandoned that claim of statutory aggrievement.

When the plaintiff appealed to the Superior Court from the board's decision granting Christy's a certificate of approval, it was challenging an action taken by the board pursuant to General Statutes §§ 14-321[10] and 14-322.[11] The sole function of a zoning board of appeals in passing on such applications is to determine whether the site in question is suitable according to specific statutory criteria contained in §§ 14-321 and 14-322, which are designed to promote and protect public safety. *Helfant* v. *Zoning Board of Appeals*, 153 Conn. 93, 95, 214 A.2d 371 (1965). "The determinative question [is] whether the location [is] suitable, 'due consideration being given to the proximity of schools, churches, theatres or playhouses or other places of public gatherings, intersecting streets, traffic conditions, width of highway and effect of public travel,' and whether the proposed use would imperil the safety of the public." *Esso Standard Oil Co.* v. *Zoning Board of Appeals*, 148 Conn. 507, 508, 172 A.2d 607 (1961), quoting General Statutes (Rev. to 1958) § 14-322. Accordingly, a plaintiff claiming aggrievement by an action taken pursuant to §§ 14-321 and 14-322 must allege an injury that falls within the zone of interests of those statutes. Specifically, the plaintiff must allege that the action was undertaken absent, or in contravention of, a proper determination as to whether a gasoline station on the proposed site would unduly imperil the safety of the public.

Our examination of the factual allegations contained in paragraph six of the plaintiff's complaint discloses

---

[10] See footnote 2.

[11] General Statutes § 14-322 (a) provides in relevant part: "No certificate of approval shall be issued unless the local authority finds that the location is suitable for the sale of gasoline and the other products referred to in section 14-319, due consideration being given to the proximity of schools, churches, theaters or playhouses or other places of public gatherings, intersecting streets, traffic conditions, width of highway and effect of public travel, and that such use of the proposed location will not imperil the safety of the public."

that the claim of injury does not fall within the zone of interests of §§ 14-321 and 14-322. Only two facts were alleged by the plaintiff: (1) it owns real estate that is within 100 feet of the site approved for Christy's gasoline station; and (2) that real estate has been adversely affected and has depreciated in value. The plaintiff does not challenge the board's determination that the proposed site at 2191 and 2205 Norwich-New London Turnpike was a safe location for Christy's gasoline station. Instead, the plaintiff merely claims that the site approved for Christy's gasoline station is close to the plaintiff's property and, consequently, the plaintiff's property has lost value. Sections 14-321 and 14-322, however, do not require the board to consider the effect a new gasoline station would have on property values, regardless of the proximity of the proposed site to other properties.[12] Accordingly, those factual allegations do not give rise to a claim falling within the zone of interests of §§ 14-321 and 14-322, and, consequently, they do not satisfy the second prong of the aggrievement test.

Finally, the conclusory statements contained in paragraph six of the plaintiff's complaint, i.e., the "[p]laintiff is aggrieved by the decision of the [d]efendant," and "[t]he [p]laintiff has a specific personal and legal property interest which was specifically and injuriously affected by the action of the [d]efendant," are of little import to our analysis. Those conclusory statements, which purport to allege aggrievement, are insufficient because adequate factual allegations do not accompany them. See *Beckish* v. *Manafort*, supra, 175 Conn. 419. Accordingly, we conclude that the plaintiff failed to

[12] It is important to note that "[o]btaining a certificate of approval pursuant to General Statutes §§ 14-321 and 14-322 is not a zoning matter, and the use of premises for a gasoline station in a zone in which such a use is prohibited or under conditions or circumstances which would be in violation of the zoning regulations would not be 'suitable' under § 14-322, even though other criteria specified in the statute were met." *Clark Heating Oils, Inc.* v. *Zoning Board of Appeals*, 159 Conn. 234, 239, 268 A.2d 381 (1970).

allege facts that, if proven, would constitute aggrievement as a matter of law. The court properly dismissed the plaintiff's appeal for lack of subject matter jurisdiction, and there is no need to consider the plaintiff's claims.

The judgment is affirmed.

In this opinion the other judges concurred.