[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION CT Page 9913
This decision concerns two counts of an original six count administrative appeal in which the two individual plaintiffs, and the Alliance to Preserve Somers Center, Inc.(Alliance), claim that the Town of Somers Zoning Commission (Commission) acted illegally in approving a site plan for the development of a CVS facility in a commercially zoned area at the intersection of Routes 190 and 83 in the center of the Town of Somers. A motion to dismiss counts one, two, five and six was filed by the Town of Somers on February 28, 2001, alleging that the plaintiffs and the Alliance are not aggrieved parties and do not otherwise have standing to pursue the administrative appeal. On May 3, 2001, the plaintiffs' filed an amended complaint withdrawing counts one and two.
Paragraph two in both counts five and six of the amended complaint allege that the individual plaintiffs, and the Alliance, are aggrieved by the actions of the Commission in approving the site plan application. The plaintiffs' claim that the noise, pollution and increase in traffic generated by the proposed development will adversely effect the value of their properties as well as their right to use and enjoy their properties.[1]
Paragraph five(a) of count five of the amended complaint alleges that the plaintiffs are aggrieved by "the unjust deprivation of property rights and due process of law and the equal protection of the law under color of state law by the violations of the Zoning Commission acting illegally, arbitrarily and in abuse of the discretion vested in it, including . . . [failure] to obtain approvals [sic] from the Connecticut Historical Commission permitting the destruction by the applicant of the Woodward House which is entered on the National Register of Historic Places . . ."
A hearing on the motion to dismiss was held on May 7, 2001, at which time testimony was received from James Sherman and Barbara Wilder, both of whom live in the vicinity of the proposed development and are members of the Alliance, as well as Candida Daigle who is a named plaintiff as well as a member of the Alliance. Additionally, David L. Spear, a civil and traffic engineer, as well as Victoria Kaplan, a licensed real estate broker and former real estate appraiser, testified for the plaintiffs. No testimony was received from plaintiff Ralph Lumb.
The Alliance to Preserve Somers Center, Inc. was created in May 2000, and, according to Mrs. Daigle, Vice President of the Alliance, the purposes of the Alliance are "to maintain, protect and preserve historic structures that are within the center of town, mostly of which, are located on the historic — national historic register, that has been CT Page 9914 designated by the historic commission . . ." (Tr. 17-18).
Daigle owns property on Springfield Road which is that part of Route 83 north of its intersection with Route 190. She resides in the forth house north of the intersection. She complains that automobiles currently are queuing in front of her house waiting to enter the intersection resulting in her driveway being blocked. She claims that the proposed CVS development will result in an increase in traffic congestion causing even more queuing in front of her house. She believes that even one additional car could have a negative impact on her property value. Daigle is clearly not an abutting landowner relative to the proposed CVS site, and her property is not within 100 feet of the proposed development.
Barbara Wilder, a member of the Alliance, owns property on South Street which is that part of Route 83 south of its intersection with Route 190. She lives about 300 to 350 feet from the proposed development. She is not an abutting landowner relative to the proposed CVS site. Wilder stated that currently cars waiting to enter the intersection occasionally are backed up in front of her house. She believes that the proposed CVS development will increase such traffic and decrease the value of her property.
James Sherman lives on the south side of Route 190 about 150 to 180 feet west of the proposed CVS development site. He is not an abutting landowner relative to the proposed CVS site. Sherman is a member of the Alliance and his house, which was constructed in 1809, is listed on the Historic Register. The essence of his testimony, and his complaint, is that the increase in traffic generated by the proposed CVS facility will result in an increase in the number of cars queuing in front of his house as they wait to turn south onto Route 83, and thereafter into the CVS parking lot. This, he believes, will result in a decrease in the value of his house.
Victoria Kaplan testified as a real estate marketing expert for the plaintiffs. She concluded that there will be no decrease in the property value of the Sherman, Daigle or Wilder houses resulting from the construction of the proposed CVS facility. However, she stated that an increase in traffic congestion could have a negative financial impact on property value in the immediate area, but only if the anticipated increase in traffic resulting from the proposed development causes traffic to back up in front of the Sherman, Daigle and/or Wilder residences. She stated that unless there is an increase in the queuing of vehicles waiting to access the facility there would be no problem with property values. (Transcript — 94)
David Spear testified as a traffic engineer for the plaintiffs. He CT Page 9915 indicated that other than observing the intersection of Routes 190 and 83 for several hours, discussing the site with a State of Connecticut Department of Transportation engineer, and reviewing documents from the developer, Town of Somers and State of Connecticut, he did not conduct a separate traffic study of the site in issue. He did not prepare a report of his findings and conclusions.
According to Spear, the approved proposal will generate additional traffic congestion in the area but he could not determine whether that would necessarily result in an increase in the queuing of cars in front of the Sherman, Daigle and Wilder houses. He did testify that the installation of a bypass at the entrance to the CVS plaza would significantly help with traffic congestion.
Spear also concluded that the intersection of Routes 190 and 83 is currently congested and that the proposed development will further increase traffic congestion in the area. A traffic impact study prepared by the developer for the Commission reported the 1999 traffic volumes to the north, east, south and west of the intersection, as measured by the Connecticut Department of Transportation. The average vehicle traffic to the west of the intersection on Route 190 was 12,400 vehicles per day (vpd). The average daily vehicle traffic to the east of the intersection on Route 190 was 13,500 vpd. The average daily traffic on Route 83 north of the intersection was 4,400 vpd. The average daily vehicle traffic on Route 83 south of the intersection near the development site (South Street) was 7,200 vpd. (Exhibit 1)
Spear noted that the proposed CVS site currently serves as a business plaza. He did not know how many cars currently enter and exit the plaza, nor was there any evidence submitted regarding that issue. The developer indicated that the newly developed site would result in 417 cars entering the proposed plaza from South Street and then exiting either onto Route 190 or South Street. (Tr. 78-79; Exhibit 1) Since there is no evidence from which one can calculate how many of the anticipated 417 vehicles are already counted in the 7,200 vpd that travel on South Street, it is not possible to determine their true impact on the existing traffic.
"Pleading and proof of facts that constitute aggrievement are essential prerequisites to the trial court's subject matter jurisdiction over an administrative appeal. The trial court must be satisfied, first, that the plaintiff alleges facts which, if proven, would constitute aggrievement as a matter of law. . . . If the plaintiff fails to allege such facts, the appeal must be dismissed for lack of subject matter jurisdiction." (Internal quotes and citations omitted) Hendel's Investors Co. v. ZoningBoard of Appeals, 62 Conn. App. 263, 271 (2001). CT Page 9916
Aggrievement is essentially a question of standing; without it, a court must dismiss an action for want of jurisdiction. DiBonaventura v. ZoningBoard of Appeals, 24 Conn. App. 369, 373, cert. denied, 219 Conn. 903
(1991). There are two distinct categories of aggrievement: statutory and classical.
Statutory aggrievement exists by legislative fiat, not by judicial analysis of the particular facts of the case. In other words, in cases of statutory aggrievement, particular legislation grants standing to those who claim injury to an interest protected by that legislation. Cole v.Planning Zoning Commission, 30 Conn. App. 511, 514-15 (1993).
The plaintiffs in this case did not plead, argue nor prove statutory aggrievement. This appeal was brought pursuant to Section 8-8 of the General Statutes. Under that statute, in the case of a decision by a zoning commission, planning commission, combined planning and zoning commission or zoning board of appeals, "aggrieved person" includes any person owning land that abuts or is within a radius of one hundred feet of any portion of the land involved in the decision of the board. The only relevant evidence produced in this case with respect to statutory aggrievement proves that none of the named defendants, nor Sherman or Wilder, own property that abuts or is within 100 feet of the proposed development. Accordingly, the court finds that neither the named plaintiffs nor the Alliance has proven statutory aggrievement.
Classic aggrievement requires a two-part showing. First, a party must demonstrate a specific, personal and legal interest in the subject matter of the decision, as opposed to a general interest that all members of the community share. Second, the party must show that the agency's decision has specially and injuriously affected that specific personal or legal interest." Lewis v. Planning and Zoning Commission of the Town ofRidgefield, 62 Conn. App. 248, 288 (2001). In this case the plaintiffs allege two reasons why they are aggrieved. The first is the effect of an anticipated increase in traffic resulting from the proposed development upon the property value of the plaintiffs. The second is the effect of the proposed development upon historic buildings in the area.
The three plaintiffs in this case are the Alliance to Preserve the Center of Somers, Inc., Candida M. Daigle, and Ralph F. Lumb. Both Daigle and Lumb are members of the Alliance. Lumb did not testify and no evidence was introduced regarding the location of his residence relative to the proposed development. No evidence was submitted which would prove that Lumb meets the criteria of either statutory or classical aggrievement. He has not proven that he has a specific, personal and legal interest in, or has been adversely affected by, the subject matter of the decision of the Commission. The court finds that Lumb has not CT Page 9917 proven that he is an aggrieved party.
Daigle is a named plaintiff and there is evidence concerning the possible impact that an increase in traffic could have on the value of the Daigle property. However, no evidence was produced proving that she has any specific, personal and legal interest in the Woodward House or any other historic structure that might be affected by the proposed development which is not shared by all members of the community. No evidence was offered to show that the agency's decision, as it impacts upon the Woodward House or any historic structure, would specially and injuriously affected Daigle.
The Alliance to Preserve Somers Center, Inc. is a named party to and represents its members in this action. The Connecticut Supreme Court has adopted as a matter of Connecticut law the test articulated in Hunt v.Washington State Apple Advertising Commission, 432 U.S. 333, 343,97 S.Ct. 2434, 53 L.Ed.2d 383 (1977) as the criteria to be used regarding standing and aggrievement of associations to bring suit on behalf of its members. Under that test, "[a]n association has standing to bring suit on behalf of its members when: (a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." (Internal citations and quotation marks omitted)Connecticut Association Bldr. Contr. v. Hartford, 251 Conn. 169, 185
(1999). See: Connecticut Assn. of Health Care Facilities, Inc. v.Worrell, 199 Conn. 609 (1986). The court has extended this test to include zoning matters. Timber Trails Corp. v. Planning ZoningCommission, 222 Conn. 380, 393 (1992).
The stated purposes of the Alliance are to maintain, protect and preserve historic structures that are within the center of the Town of Somers. Consequently, allegations of aggrievement by the Alliance must be limited to claims relating to the protection and preservation of historic structures within the center of Somers. It is not claimed, nor has it been proven, that a legitimate purpose of the Alliance includes preserving the use, enjoyment, and property values of the homes of its individual members, even if a member resides in a historic structure.
The only allegation in the amended complaint relating to the preservation of historic structures in Somers is found in paragraph five of count five which claims that the Commission issued its site plan approval authorizing the destruction of the Woodward House before obtaining permission to do so from the Connecticut Historical Commission. That claim thereafter asserts aggrievement only as broad violations of due process, equal protection of law, and vague property CT Page 9918 rights. The Alliance did not plead, and certainly has not proven, that any of its individual members have a specific, personal legal interest in, or have personally been harmed by, the subject matter of the Commission as it relates to any historic structure located in the center of Somers.
No credible evidence was presented to the court that any individual member of the Alliance has standing to sue in his or her own right over the proposed destruction of the Woodward House. The only testimony relating to this matter came from Sherman who simply stated that the approval of the proposed development would result in the destruction of the Woodward House. Sherman also testified that his house is on the Historic Register but the court finds no credible evidence that the structure, his house, will be destroyed or physically altered or negatively affected as a result of the construction of the proposed CVS plaza.
Since none of the testifying members of the Alliance has proven that he or she is statutorily or classically aggrieved in his or her own right as to the stated purposes of the Alliance, the court finds that the Alliance has not proven that it is an aggrieved party to this action.
Daigle is the only named plaintiff who has proven a specific, personal and legal interest in the subject matter of the decision, as opposed to a general interest that all members of the community share. She owns property in close proximity to the proposed development which, according to the plaintiff's real estate expert, will be negatively affected if the anticipated increase in traffic generated by the proposed development backs up in front of her house restricting ingress and egress to her property. The defendant argues that whether or not the increase in traffic negatively impacts the plaintiff's property is speculative. Perhaps so, but "[a]ggrievement is established if there is a possibility, as distinguished from a certainty, that some legally protected interest . . . has been adversely affected." Gladysz v. Planning and ZoningCommission, 256 Conn. 249, 255 (2001).
The court finds that Daigle is an aggrieved party, but only as to the allegations of aggrievement contained in paragraph two of counts five and six of the amended complaint.
The motion to dismiss counts five and six of the amended complaint is granted as to Ralph F. Lumb and the Alliance to Preserve Somers Center, Inc. The motion to dismiss is denied as to Candida M. Daigle.
Terence A. Sullivan, J. Superior Court Judge CT Page 9919