[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On December 2, 1999, the plaintiff, The Cadle Company, filed motion #177, pursuant to Practice Book § 17-14, offering to settle its claim for $38,106.81 and to stipulate to a judgment in that amount. On January 3, 2000, pursuant to Practice Book § 17-15, the defendant, Erling C. CT Page 6941 Christophersen, filed a written acceptance of this offer of judgment, and on January 20, 2000, Judge Karazin entered judgment for said amount based on the acceptance of the offer of judgment.
On February 1, 2000, the plaintiff moved (# 181) to "open" the judgment claiming it was the result of a "unilateral mistake" by plaintiff's attorney consisting of an "erroneous interpretation" of the Practice Book rules regarding offers of judgment. The plaintiff also contended that the defendant had "good reason" to know that its offer of judgment was the result of this error. The alleged error was the failure to claim attorney's fees and costs in the approximate amount of $25,000, to which the plaintiff claims it was entitled pursuant to the promissory note on which the judgment was based. It was agreed that the plaintiff's counsel, both by telephone and a written fax on January 4, 2000, after the offer of judgment had been accepted, sought to rescind its offer and requested that the defendant's counsel "instruct [the defendant] to take no further action in reliance on the offer." The defendant, however, replied at that time that the he did not agree that the offer of judgment should be rescinded. The defendant opposes this motion to open the judgment, claiming that there is no authority permitting the court to grant such a motion.
The plaintiff cites Solomon v. Keiser, 22 Conn. App. 424, 577 A.2d 1103
(1990), as authority that a stipulated judgment may be opened if obtained as a result of, among other things, "mistake." However, the actual reference in that case is to a mutual, not a unilateral mistake as claimed in this motion. "The plaintiff's sole claim here is that there was a mistake as to the meaning of the judgment. The flaw in her argument is that the mistake must be mutual; a unilateral mistake will not suffice." Id., 427. This principal was recently reiterated in Kim v.Magnotta, 249 Conn. 94, 107, 733 A.2d 809 (1999), which held that a judgment may be opened "because of mutual mistake." In this case, the plaintiff does not claim mutual mistake and has not offered any other persuasive reason for the opening of this judgment. Hence, the motion to open is denied.
So Ordered.
Dated at Stamford, Connecticut, this 9th day of June, 2000.
William B. Lewis, Judge