[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION TO REOPEN JUDGMENT #108
The plaintiff has moved pursuant to General Statutes § 52-212a to open the judgment entered by this court dissolving the parties marriage due to mutual mistake of fact by both parties.
The parties, who both originally appeared pro se, had their marriage dissolved on April 20, 1999, by Pickett, J. The judgment was entered based on a separation agreement the parties provided to the court. Both parties were canvassed by the court regarding the separation agreement, which the court found to be fair and equitable and incorporated by reference into the final judgment.
The separation agreement had been prepared for the parties by Attorney Courtney B. Bourns, who acted as a mediator on behalf of both of the parties in reaching the final agreement between the parties. Attorney Bourns took both parties acknowledgment of their execution of the agreement on April 20, 1999.
The plaintiff now comes before the court requesting that the judgment be reopened due to mutual mistake of facts regarding distribution of assets in the separation agreement. The plaintiff's motion is dated October 17, 2001.
The testimony on the court's hearing of this motion confirms that the parties did mutually seek the assistance of Attorney Bourns to act as a mediator on their behalf to structure an agreement as to the financial aspects of the dissolution. At the time of the judgment in this matter the parties marriage had been nineteen (19) years in length. The plaintiff possessed, at that time, approximately ninety-four percent (94%) of the assets of the parties. (Plaintiff's Exhibits 5 and 6 — Financial Affidavits of the plaintiff and the defendant dated 4/20/99.) The plaintiff had provided Attorney Bourns with financial information regarding his assets and the fact that he was an asset and/or income beneficiary to several Magowan family trusts.
After the separation agreement had been completed by Attorney Bourns, the testimony was that both parties did take the agreement to their own respective attorneys to review the terms. Both parties testified that they were satisfied with the agreement reached after consultation with their respective independent attorneys.
The plaintiff now comes before the court claiming mutual mistake. The mutual mistake the plaintiff is claiming pertains to the asset distribution and specifically in reference to the family home(s), under Section 9g. of the separation agreement/judgment. The plaintiff claims there is an error in reference to which Magowan family trust owns the family home(s) located at 16 Taconic Road in Salisbury, Connecticut. CT Page 1247 Also, the plaintiff claims that certain "intentions" of the parties regarding the trustees obligations regarding this property are not going to be implemented by the trustees and therefore, the court should reopen the judgment as this "causes the entire fabric of the agreement to unravel."
General Statutes § 52-212a establishes the procedures for reopening judgments. It states in pertinent part:
 Unless otherwise provided by law and except in such cases in which the court has continuing jurisdiction, a civil judgment or decree rendered in the Superior Court may not be opened or set aside unless a motion to open or set aside is filed within four months following the date on which it was rendered or passed.
"This rule applies to stipulated judgments as well as to judgments rendered upon controverted facts." Solomon v. Keiser, 22 Conn. App. 424,426 (1990).
In Gillis v. Gillis, 214 Conn. 336 (1990) the Supreme Court stated the following regarding reopening of stipulated judgments:
 A stipulated judgment is not a judicial determination of any litigated right. It may be defined as a contract of the parties acknowledged in open court and ordered to be recorded by a court of competent jurisdiction. [It is] the result of a contract and its embodiment in a form which places it and the matters covered by it beyond further controversy. The essence of the judgment is that the parties to the litigation have voluntarily entered into an agreement setting their dispute or disputes at rest and that, upon this agreement, the court has entered judgment conforming to the terms of the agreement.
 It necessarily follows that if the judgment conforms to the stipulation it cannot be altered or set aside without the consent of all the parties, unless it is shown that the stipulation was obtained by fraud, accident or mistake.
 For a judgment by consent is just as conclusive as one rendered upon controverted facts.
CT Page 1248 (Citations omitted; internal quotation marks omitted). Gillis v. Gillis,214 Conn. 336, 339-340 (1990).
Property/asset distributions and assignment by the court pursuant to General Statutes § 46b-81 are not subject to modification even if there is a change in circumstances. See General Statutes § 46b-86 (a);Grayson v. Grayson, 4 Conn. App. 275, 286 (1985).
In McDonnell v. McDonnell, (Superior Court, judicial district of Hartford, Docket No. 535761 (February 2, 1999, Bishop, J.), the court addressed an issue similar to the one presented here. In its analysis the court first cited the following regarding the court's ability to modify property assignments:
 The court does not retain `continuing jurisdiction over that portion of a dissolution judgment providing for the assignment of property of one party to the other under General Statutes § 46b-81. (citation omitted.)'" Fiddelman v. Redmon, 37 Conn. App. 397, 401 (1995). "The Superior Court is vested with jurisdiction to assign property at the time it enters a decree dissolving a marriage. General Statutes 46b-81. Unlike periodic alimony and child support, the court's jurisdiction to assign property is not continuing. `By its terms, 46b-81 (a) deprives the Superior Court of continuing jurisdiction over that portion of a dissolution judgment providing for the assignment of property of one party to the other party under General Statutes 46b-81." Bunche v. Bunche, 180 Conn. 285, 289
(1980).
The court in McDonnell, proceeded to review whether it could reopen a judgment when the motion was filed more than four months after judgment was rendered. It concluded that "[t]he power of the court to open and vacate any judgment obtained by fraud, duress or mutual mistake is intrinsic to the court, independent of statutory provisions." McDonnellv. McDonnell, supra, Superior Court, Docket No. 535761, quoting In ReBaby Girl, 224 Conn. 263 (1992).
The court in McDonnell was asked to find a mutual mistake. "A mutual mistake is one that is common to both parties and effects a result that neither intended." (emphasis added.) Inland Wetlands Agency v. LandmarkInvestment Group, 218 Conn. 703, 708 (1991). "Mutual is the key word here." Barrett v. Barrett, 26 Conn. App. 355, 357 (1992). "A unilateral mistake will not suffice." Solomon v. Keiser, 22 Conn. App. 424, 427
(1992); Celanese Fiber v. Pic Yarns, Inc., 184 Conn. 461, 466 (1981). CT Page 1249
From the testimony and evidence presented to this court, this court concludes that there was no mutual mistake in this matter. What the plaintiff is seeking to accomplish is reopen the judgment to modify the property assignment due to a change in circumstances post judgment. This does not fall within the definition of a mutual mistake. The court does not have continuing jurisdiction over that portion of a dissolution judgment providing for the assignment of property of one party to the other under General Statutes § 46b-81.
Therefore, for the foregoing reasons, the plaintiff's motion to reopen judgment is denied.
Agati, J.