STATE OF CONNECTICUT *v.* LENWOOD HUFF
(AC 21041)

Foti, Dranginis and Flynn, Js.

Argued January 14—officially released April 9, 2002

52

*Richard S. Cramer*, for the appellant (defendant).

*Timothy J. Sugrue*, senior assistant state's attorney, with whom, on the brief, were *James E. Thomas*, state's attorney, and *Carl E. Taylor*, former supervisory assistant state's attorney, for the appellee (state).

*Opinion*

DRANGINIS, J. The defendant, Lenwood Huff, appeals from the judgment of conviction rendered following his plea of nolo contendere to the crime of sale of a narcotic substance with intent to sell by a person who is not drug-dependent in violation of General Statutes § 21a-278 (b).[1] On appeal, the defendant claims

---

[1] General Statutes § 21a-278 (b) provides in relevant part: "Any person who . . . sells . . . offers, gives or administers to another person any narcotic substance, hallucinogenic substance . . . or one kilogram or more of a cannabis-type substance except as authorized in this chapter, and who is

that the court improperly denied his motion to suppress because the police (1) violated the "knock and announce" rule before entering his apartment and (2) illegally served a copy of the search warrant. We affirm the judgment of the trial court.

The following facts are relevant to our resolution of this appeal. On January 29, 1997, police officers obtained a warrant to search the defendant's apartment at 600 Asylum Avenue in Hartford and to seize drugs, drug paraphernalia and firearms. The warrant alleged that the defendant and others were distributing large amounts of cocaine from this and other locations.

On January 31, 1997, officers observed the defendant leave and return to his apartment. Detective Anthony Martinez led the team of police officers executing the search warrant. Martinez knocked on the defendant's door and shouted, "Hartford police with a search warrant." After waiting several seconds[2] and not receiving a response, the police officers forced open the door to the apartment. The officers found the defendant in the kitchen with more than a pound of cocaine, drug packaging materials and other drug paraphernalia resting on the kitchen table. The defendant was placed under arrest while the remaining officers completed the search of the apartment. At some point after entering the apartment, Martinez placed a copy of the search warrant on the kitchen table.

Subsequently, the defendant filed a motion to suppress all evidence seized at 600 Asylum Avenue. In support of his motion, the defendant alleged, in pertinent part, that the police did not knock and announce

not at the time of such action a drug-dependent person, for a first offense shall be imprisoned not less than five years nor more than twenty years . . . ."

[2] Martinez testified that the officers waited about seven to eight seconds before entering the defendant's apartment.

their purpose before entering the apartment. Specifically, the defendant claimed that the police failed to identify themselves, to announce their purpose and to wait a reasonable period of time before forcibly entering to execute the warrant. The defendant further alleged that the search warrant was not left with him, the sole occupant of the premises, nor was he shown or permitted to read it before the search commenced.

The court denied the defendant's motion to suppress the evidence seized in the apartment. Thereafter, the defendant pleaded nolo contendere and was sentenced to sixteen years imprisonment, execution suspended after eight years, and five years probation. This appeal followed.

I

The defendant first claims that the trial court improperly denied his motion to suppress because the police failed to comply with the "knock and announce" rule before entering his apartment. We are not persuaded.

"On appeal, we apply a familiar standard of review to a trial court's findings and conclusions in connection with a motion to suppress. A finding of fact will not be disturbed unless it is clearly erroneous in view of the evidence and pleadings in the whole record . . . . The conclusions drawn by the trial court will be upheld unless they are legally and logically inconsistent with the evidence. . . . [W]e engage in a careful examination of the record to ensure that the court's decision was supported by substantial evidence. . . . We give great deference to the findings of the trial court because it weighs the evidence before it and assesses the credibility of witnesses." (Citations omitted; internal quotation marks omitted.) *State* v. *Nieves*, 65 Conn. App. 212, 216, 782 A.2d 203 (2001).

"From early colonial times we, in this jurisdiction, have followed the common-law requirement in the exe-

cution of search warrants that, in the absence of some special exigency, before an officer may break and enter he ought to signify the cause of his coming, and to make request to open the doors. . . . The length of time an officer must wait before breaking in after an announcement must be reasonable in the light of the circumstances in the particular case. Significantly, we noted that [r]ecognized circumstances justifying prompt entry after announcement include those where the persons within already know of the officer's authority and purpose, where the officers are justified in the belief that the persons within are in imminent peril of bodily harm or where those within are then engaged in some activity [that] justifies the officers in the belief that an escape or the destruction of evidence is being attempted." (Citations omitted; internal quotation marks omitted.) *State* v. *Ruscoe*, 212 Conn. 223, 236, 563 A.2d 267 (1989), cert. denied, 493 U.S. 1084, 110 S. Ct. 1144, 107 L. Ed. 2d 1049 (1990).

We conclude that the court properly determined that the police officers adhered to the "knock and announce" rule. As the court noted, the police observed the defendant enter the apartment and there were a variety of reasons why the defendant may not have heard the police. The court credited the testimony of the police officers that they waited several seconds prior to entering the defendant's apartment. Moreover, the police were searching for narcotics, which can easily be destroyed. There were also concerns for the officers' safety because the warrant included a search for weapons. Under these circumstances, therefore, the court properly concluded that the police waited a reasonable period of time before forcibly entering the defendant's apartment and that they acted in accordance with the "knock and announce" principles.

## II

The defendant also claims that the police did not properly serve him a search warrant in accordance with

General Statutes § 54-33c.[3] Specifically, he claims that the police failed to give him a copy of the warrant before they searched the premises and that the police improperly served the warrant by placing it on the kitchen table. We decline to review this claim.

"This court will not review issues of law that are raised for the first time on appeal." *State* v. *Harvey*, 27 Conn. App. 171, 186, 605 A.2d 563, cert. denied, 222 Conn. 907, 608 A.2d 693 (1992). "We have repeatedly held that this court will not consider claimed errors on the part of the trial court unless it appears on the record that the question was distinctly raised at trial and was ruled upon and decided by the court adversely to the appellant's claim. . . . Claims that were not distinctly raised at trial are not reviewable on appeal." (Citation omitted; internal quotation marks omitted.) *State* v. *Beliveau*, 52 Conn. App. 475, 479, 727 A.2d 737, cert. denied, 249 Conn. 920, 733 A.2d 235 (1999).

We conclude that the defendant failed to raise this claim distinctively during the suppression hearing. At the suppression hearing, the defendant argued that a copy of the warrant was not left with him and that he was not permitted to read it before the search began. Here, the defendant claims that the police improperly served him the warrant by placing it on the kitchen table. On appeal, the defendant does not contend that this claim is reviewable pursuant to *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989), or the plain error doctrine. Practice Book § 60-5. Accordingly, we will not review this claim.

The judgment is affirmed.

In this opinion the other judges concurred.

[3] General Statutes § 54-33c (a) provides in relevant part: "A copy of such warrant shall be given to the owner or occupant of the dwelling, structure, motor vehicle or place designated therein, or the person named therein. . . ."