KEVIN L. STROBEL *v.* ROSE LI-HWA STROBEL
(AC 21567)

Schaller, Mihalakos and Dranginis, Js.

Argued May 2—officially released November 5, 2002

*Rose Li-Hwa Strobel,* pro se, the appellant (defendant).

*Kevin L. Strobel,* pro se, the appellee (plaintiff), filed a brief.

*Opinion*

PER CURIAM. The defendant, Rose Li-Hwa Strobel, appeals from certain postjudgment orders rendered in this marriage dissolution action. The plaintiff, Kevin L. Strobel, alternatively raises eleven claims and asks us to reverse certain postjudgment orders entered by the trial court.[1] We affirm the judgment of the trial court.

The defendant claims that the court improperly (1) failed to recuse itself, (2) ruled on her motion for contempt, (3) granted the plaintiff's motion for an immediate wage execution and (4) denied her motion for rectification of child support. We disagree.

---

[1] The plaintiff's claims, for which no timely cross appeal was filed, concern matters of modification and enforcement of child support payment, judicial bias, denial of due process, visitation and contempt. Hence, we decline to review the plaintiff's claims. See *Strobel* v. *Strobel,* 64 Conn. App. 614, 623, 781 A.2d 356, cert. denied, 258 Conn. 937, 786 A.2d 426 (2001).

We decline to review the defendant's first two claims because they are inadequately briefed. The defendant failed to provide us with a standard of review and failed to proffer any authority in support of her claim. The defendant's first two claims amount to nothing more than bald assertions. "We consistently have held that [a]nalysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly." (Internal quotation marks omitted.) *Wren* v. *MacPherson Interiors, Inc.*, 69 Conn. App. 349, 359, 794 A.2d 1043 (2002). Accordingly, we decline to review these claims.

Similarly, we are not persuaded by the defendant's third claim that the court improperly granted the plaintiff's motion for an immediate wage execution. We begin by articulating the appropriate standard of review. "The well settled standard of review in domestic relations cases is that this court will not disturb trial court orders unless the trial court has abused its legal discretion or its findings have no reasonable basis in the facts. . . . As has often been explained, the foundation for this standard is that the trial court is in a clearly advantageous position to assess the personal factors significant to a domestic relations case, such as demeanor and attitude of the parties at the hearing. . . . In determining whether there has been an abuse of discretion, the ultimate issue is whether the court could reasonably conclude as it did. . . .

"[I]n determining [whether there has been an abuse of discretion] the unquestioned rule is that great weight is due to the action of the trial court and every reasonable presumption should be given in favor of its correctness. . . . [W]e do not review the evidence to determine whether a conclusion different from the one reached could have been reached." (Internal quotation marks omitted.) *Zahringer* v. *Zahringer*, 69 Conn. App.

251, 260, 793 A.2d 1214, cert. granted on other grounds, 261 Conn. 909, 806 A.2d 50 (2002). In analyzing the defendant's claim, we note at the outset that General Statutes § 52-362 (c) (2) authorizes an immediate wage execution at the request of either party.[2] Our review of the record reveals that the plaintiff requested such an order. We therefore must conclude that the court properly ordered an immediate wage execution as mandated by statute and did not abuse its discretion.

With regard to our consideration of the defendant's final claim that the court improperly denied her motion for rectification of child support, we first note that "[t]his court will not review issues of law that are raised for the first time on appeal. . . . We have repeatedly held that this court will not consider claimed errors on the part of the trial court unless it appears on the record that the question was distinctly raised at trial and was ruled upon and decided by the court adversely to the appellant's claim. . . . Claims that were not distinctly raised at trial are not reviewable on appeal." (Citation omitted; internal quotation marks omitted.) *State* v. *Huff*, 69 Conn. App. 51, 56, 793 A.2d 1190 (2002). Because the defendant failed to raise this claim before the trial court, we decline to review it. Our thorough review of the record reveals that the defendant failed to raise her claim at trial. We therefore decline to review her claim.

The judgment is affirmed.

---

[2] General Statutes § 52-362 (c) (2) provides in relevant part: "An obligor shall become subject to withholding to enforce a prior order of support upon the request of the dependent regardless of any delinquency, and whether or not such order is subject to a contingent income withholding. . . ."