EDWARD WUCIK ET AL. *v.* PLANNING AND ZONING COMMISSION OF THE TOWN OF PRESTON ET AL.
(AC 29091)

DiPentima, Gruendel and West, Js.

---

[2] On remand, I do not reach the merging the multiple convictions and sentences on the two counts.

Argued October 23, 2008—officially released April 7, 2009

*Frank N. Eppinger*, with whom was *Thomas F. Collier*, for the appellants (plaintiffs).

*Harry B. Heller*, for the appellees (defendant Hyman Biber et al.).

*Opinion*

GRUENDEL, J. The plaintiffs, Edward Wucik, Teresa Izzarelli, Chester Sajkowicz and Shirley Sajkowicz, appeal from the judgment of the Superior Court dismissing their zoning appeal from the decision of the defendant planning and zoning commission of the town of Preston (commission)[1] for lack of subject matter jurisdiction. The plaintiffs contend that the court improperly concluded that their complaint failed to allege a factual basis for statutory aggrievement. We affirm the judgment of the Superior Court.

---

[1] Also named as defendants in the complaint were Hyman Biber, Strawberry Park Resort Campground, Inc., doing business as Strawberry Park, and Volin, LLC. Those defendants have submitted a brief in this appeal, which the commission has agreed to adopt. We refer in this opinion to Biber, Strawberry Park Resort Campgrounds, Inc., and Volin, LLC, as the defendants.

This appeal concerns a campground in Preston known as Strawberry Park. As we noted in *Miskimen v. Biber*, 85 Conn. App. 615, 619, 858 A.2d 806 (2004), cert. denied, 272 Conn. 916, 866 A.2d 1287 (2005), "Strawberry Park is a campground located on the east side of Pierce Road in the town of Preston. The defendants received a special exception for a 'recreation campground' from the zoning board of appeals in 1973. In 1974, the campground opened with 104 campsites. It currently has 480 campsites." On January 28, 2005, the defendant Strawberry Park Resort Campground, Inc., filed an application with the commission for a special exception regarding a seventy-six acre parcel of land owned by the defendant Volin, LLC, and situated in a R-80 zone. The application sought to expand the existing special exception for Strawberry Park. A related application for a site plan was filed with the commission days later.

The commission held a public hearing on the special exception and site plan applications on April 5, 2005, and May 3, 2005. The commission thereafter approved the applications subject to certain conditions and published notice of that decision on May 12, 2005. From that determination, the plaintiffs appealed to the Superior Court. In their complaint, the plaintiffs alleged: "The [p]laintiffs are statutorily or classically aggrieved by the decisions of the [commission]." In their subsequent brief in opposition to that appeal, filed on June 30, 2006, the defendants asserted that the court "is deprived of subject matter jurisdiction to hear the instant appeal as a result of the failure of the plaintiffs to allege a factual basis for aggrievement in their appeal to this court."[2]

[2] That the defendants raised their subject matter jurisdiction objection in their brief in opposition to the plaintiffs' appeal rather than in a motion to dismiss is of no consequence. It is fundamental that the issue of subject matter jurisdiction may be raised at any time and in any manner. Practice Book § 10-33; see, e.g., *MBNA America Bank, N.A. v. Boata*, 283 Conn. 381,

On May 1, 2007, the parties appeared before the court. At the outset of that proceeding, the court informed the parties that it did not have the file or the respective briefs of the parties before it; hence, it was unaware of the defendants' subject matter jurisdiction claim. After counsel identified themselves, counsel for the plaintiffs sought to call Chester Sajkowicz to establish aggrievement. At that moment, counsel for the defendants acquainted the court with their jurisdictional claim and objected to the introduction of evidence concerning the factual basis for aggrievement. Counsel for the commission then voiced the same objection. After noting those objections, the court stated that it would allow the plaintiffs "to proceed with the evidence . . . I think that's the prudent thing to do. Then, I will address [the aggrievement] issue after we find out what they have to say." The court heard testimony from Wucik and Chester Sajkowicz and argument from counsel.[3] During his argument, counsel for the defendants stated that aggrievement "must be both [pleaded] and proven, and the absence of a factual pleading makes that issue fatally defective because, as this court is well aware, aggrievement is a matter of jurisdiction with this court." In its May 22, 2007 memorandum of decision, the court concluded that the plaintiffs' complaint failed to allege the requisite factual basis of aggrievement. As a result, it dismissed the appeal for lack of subject matter jurisdiction. From that judgment, the plaintiffs appeal.

It is well established that "[p]leading and proof of aggrievement are prerequisites to the trial court's jurisdiction over the subject matter of a plaintiff's appeal.

390, 926 A.2d 1035 (2007); *Peters* v. *Dept. of Social Services*, 273 Conn. 434, 441, 870 A.2d 448 (2005).

[3] The court permitted counsel for the plaintiffs to introduce into evidence certified copies of deeds pertaining to the plaintiffs' properties and a geographic information system map "[s]ubject to the objection previously entered."

. . . [I]n order to have standing to bring an administrative appeal, a person must be aggrieved. . . . Two broad yet distinct categories of aggrievement exist, classical and statutory. . . . Statutory aggrievement exists by legislative fiat, not by judicial analysis of the particular facts of the case. In other words, in cases of statutory aggrievement, particular legislation grants standing to those who claim injury to an interest protected by that legislation."[4] (Citations omitted; internal quotation marks omitted.) *Moutinho* v. *Planning & Zoning Commission*, 278 Conn. 660, 664–65, 899 A.2d 26 (2006). Although aggrievement presents a question of fact for the trial court that is reviewed under the clearly erroneous standard; id., 665; interpretation of pleadings "is always a question of law for the court" over which our review is plenary. (Internal quotation marks omitted.) *Boone* v. *William W. Backus Hospital*, 272 Conn. 551, 573 n.12, 864 A.2d 1 (2005).

Furthermore, because aggrievement implicates subject matter jurisdiction, "[a] possible absence of subject matter jurisdiction must be addressed and decided whenever the issue is raised." (Internal quotation marks omitted.) *Stauton* v. *Planning & Zoning Commission*, 271 Conn. 152, 157, 856 A.2d 400 (2004). As we recently observed, "[i]t is axiomatic that once the issue of subject matter jurisdiction is raised, it must be *immediately* acted upon by the court. . . . Our Supreme Court has explained that once raised, either by a party or by the court itself, the question [of subject matter jurisdiction] must be answered *before* the court may decide the case." (Citations omitted; emphasis in original; internal quotation marks omitted.) *Fennelly* v. *Norton*, 103 Conn. App. 125, 136–37, 931 A.2d 269, cert. denied, 284 Conn. 918, 931 A.2d 936 (2007); see also *Federal Deposit Ins. Corp.* v. *Peabody, N.E., Inc.*, 239 Conn. 93, 99, 680 A.2d 1321 (1996) (once motion to dismiss for lack of

---

[4] Only statutory aggrievement is at issue in this certified appeal.

subject matter jurisdiction filed, trial court "obligated" to scrutinize initial complaint and determine whether subject matter jurisdiction was lacking before considering motion to amend); *Gurliacci* v. *Mayer*, 218 Conn. 531, 545, 590 A.2d 914 (1991) ("as soon as the jurisdiction of the court to decide an issue is called into question, all other action in the case must come to a halt until such a determination is made"); W. Horton & K. Knox, 1 Connecticut Practice Series: Practice Book Annotated (4th Ed. 1998) § 10-30, authors' comments, p. 355 ("[e]verything else screeches to a halt whenever a non-frivolous jurisdictional claim is asserted").

On June 30, 2006, the defendants asserted that the court lacked subject matter jurisdiction "as a result of the failure of the plaintiffs to allege a factual basis for aggrievement in their appeal to [the] court." At that moment, the court was required to decide that jurisdictional question before proceeding further.

The pertinent portion of the plaintiffs' complaint alleged that "[t]he plaintiffs are statutorily or classically aggrieved by the decisions of the [commission]." Although the plaintiffs on appeal claim that they alleged that they were "statutorily aggrieved in accordance with General Statutes § 8-8 (a) (1)," the complaint never references that statute, in contravention of Practice Book § 10-3 (a).[5] Our Supreme Court has held that "[t]he mere statement that the appellant is aggrieved, *without supporting allegations as to the particular nature of the aggrievement*, is insufficient." (Emphasis added; internal quotation marks omitted.) *Bongiorno Supermarket, Inc.* v. *Zoning Board of Appeals*, 266 Conn. 531, 542–43, 833 A.2d 883 (2003); see also *Beckish* v. *Manafort*, 175 Conn. 415, 419, 399 A.2d 1274 (1978);

---

[5] Practice Book § 10-3 (a) provides: "When any claim made in a complaint, cross complaint, special defense, or other pleading is grounded on a statute, the statute shall be specifically identified by its number."

*Hartford Kosher Caterers, Inc.* v. *Gazda,* 165 Conn. 478, 483, 338 A.2d 497 (1973); *Maloney* v. *Taplin,* 154 Conn. 247, 250, 224 A.2d 731 (1966); T. Tondro, Connecticut Land Use Regulation (2d Ed. 1992) p. 537 ("[i]t is necessary to present specific facts demonstrating the claimed aggrievement"). Likewise, our Supreme Court has held that a complaint that "alleges only that the plaintiffs are aggrieved as owners of real property in the immediate vicinity" of property subject to a land use agency determination is insufficient under § 8-8. *Hickey* v. *New London,* 153 Conn. 35, 37, 213 A.2d 308 (1965); see also *Hendel's Investors Co.* v. *Zoning Board of Appeals,* 62 Conn. App. 263, 274–75, 771 A.2d 182 (2001) (conclusory statements averring that "[p]laintiff is aggrieved by the decision of the [d]efendant" and "[p]laintiff has a specific personal and legal property interest which was specifically and injuriously affected by the action of the [d]efendant" insufficient as a matter of law because not accompanied by adequate factual allegations). Bound by that precedent, we agree with the trial court that the plaintiffs' allegation of aggrievement "is a mere conclusory statement devoid of any specific factual allegations."

Although the court permitted the plaintiffs to present evidence at the May 1, 2007 hearing, it did so only in light of the clerical anomaly that prevented the court from reviewing the subject matter jurisdiction claim at that time. At the outset of that proceeding, the court expressly conditioned its consideration of the evidence presented by the plaintiffs on its determination of that jurisdictional objection. Moreover, this is not a case in which an evidentiary hearing on a jurisdictional claim was required, as there was no factual dispute between the parties due to the plaintiffs' failure to plead *any* allegations as to the particular nature of the aggrievement. Although a hearing may be held when resolution of a disputed fact is necessary to determine

the jurisdiction of the court; see, e.g., *Golodner* v. *Women's Center of Southeastern Connecticut, Inc.*, 281 Conn. 819, 826, 917 A.2d 959 (2007); *Unisys Corp.* v. *Dept. of Labor*, 220 Conn. 689, 695–96, 600 A.2d 1019 (1991); "in the absence of any disputed issues of fact pertaining to jurisdiction," a hearing is unnecessary. *Amore* v. *Frankel*, 228 Conn. 358, 369, 636 A.2d 786 (1994). We also are mindful that in the context of zoning disputes, our Supreme Court has stated that "[b]ecause aggrievement is a jurisdictional question, and therefore, the 'key to access to judicial review,' the standard for aggrievement is rather strict. T. Tondro, [supra] p. 535." *Gladysz* v. *Planning & Zoning Commission*, 256 Conn. 249, 257, 773 A.2d 300 (2001). The court, therefore, was not compelled to consider the evidence conditionally presented at the May 1, 2007 hearing in determining whether it had subject matter jurisdiction over the present dispute.

We agree with the court that the plaintiffs failed to allege the requisite factual basis for statutory aggrievement. Accordingly, the court properly dismissed the appeal for lack of subject matter jurisdiction.

The judgment is affirmed.

In this opinion the other judges concurred.