CONCERNED CITIZENS FOR THE PRESERVATION
OF WATERTOWN, INC. *v.* PLANNING AND
ZONING COMMISSION OF THE TOWN
OF WATERTOWN
(AC 29658)

Gruendel, Harper and Pellegrino, Js.

Argued September 17—officially released December 8, 2009

*Kenneth R. Slater, Jr.*, for the appellant (plaintiff).

*N. Warren Hess III*, for the appellee (defendant).

*Opinion*

GRUENDEL, J. The plaintiff, Concerned Citizens for the Preservation of Watertown, Inc., appeals from the judgment of the trial court dismissing its zoning appeal from the decision of the defendant, the planning and zoning commission of the town of Watertown (commission), for lack of subject matter jurisdiction. The plaintiff contends that the court improperly concluded that it was not aggrieved by the commission's decision. We affirm the judgment of the trial court.

The facts relevant to the resolution of the plaintiff's appeal are as follows. The plaintiff is a Connecticut corporation formed by private property owners and businesses to advocate for zoning policy in Watertown. On May 23, 2006, the plaintiff, in an attempt to curtail the construction of "big box" retail development, filed with the commission a petition to amend the Watertown zoning regulations. That petition proposed, inter alia, that "[a]ll applications for a [s]pecial [p]ermit involving the construction or expansion of a development of more than 50 dwelling units, 100 parking spaces, or 20,000

square feet of gross floor area, or any development which, in the [c]ommission's judgment, would generate high levels of traffic" be required to submit certain studies and reports regarding the impact of the proposed use on both properties within a three mile radius of the development site and the community's well-being. The petition also proposed establishing a maximum building size of 50,000 square feet. After receiving the petition, the commission scheduled a public hearing for August 2, 2006. That hearing was held on August 2, 2006, and continued to August 16, 2006, when it was concluded. At that time, the plaintiff requested that commission members Gary Martin and James Lukasavage recuse themselves from consideration of the petition due to an alleged conflict of interest; Martin and Lukasavage declined to do so. The commission thereafter denied the plaintiff's petition.

From that determination, the plaintiff appealed to the Superior Court pursuant to General Statutes § 8-8 (b).[1] In its complaint, the plaintiff alleged the following with respect to its claim of aggrievement: "The [p]laintiff is aggrieved by the [c]ommission's denial of the [p]etition in one or more of the following ways: a. In accordance with rights conferred upon it by Connecticut law, [the plaintiff] petitioned the [c]ommission to adopt amendments to the [z]oning [r]egulations but was denied its special, personal, legal right to a fundamentally fair hearing before a commission comprised of public officials having no personal or financial interest in the [p]etition and having no appearance of such personal

---

[1] General Statutes § 8-8 (b) provides in relevant part: "[A]ny person aggrieved by any decision of a board, including a decision to approve or deny a site plan pursuant to subsection (g) of section 8-3 or a special permit or special exception pursuant to section 8-3c, may take an appeal to the superior court for the judicial district in which the municipality is located . . . ."

or financial interest, which right was specially and injuriously affected by the participation of [certain commissioners] in the consideration and decision of the [p]etition. b. [The plaintiff], as the applicant before the [c]ommission, has special, personal and legal rights in the [p]etition which were specially and injuriously affected by the [c]ommission's denial of the [p]etition. c. [The plaintiff] is an association formed for the purpose of advocating sound zoning policy in . . . Watertown including the policy advocated by the [p]etition and is comprised of members who would have had standing had they appealed in their individual capacity as statutorily and/or classically aggrieved persons whose rights in a fundamentally fair hearing were denied and who have special, personal legal interests in real property or businesses that are specially affected by the denial of the [p]etition and the endorsement of retail development of buildings greater than 50,000 square feet in size."

In response, the commission argued in a memorandum of law to the court that the plaintiff had not established that it was statutorily or classically aggrieved by the decision of the commission. At a September 26, 2007 hearing, the plaintiff abandoned any claim of statutory aggrievement, informing the court that it instead would rely on its claim of classical aggrievement. Following that hearing, the court found that the plaintiff failed to establish that claim and, accordingly, dismissed the appeal. This certified appeal followed.

We begin by noting that "[p]leading and proof of aggrievement are prerequisites to the trial court's jurisdiction over the subject matter of a plaintiff's appeal. . . . [I]n order to have standing to bring an administrative appeal, a person must be aggrieved. . . . Two broad yet distinct categories of aggrievement exist, classical and statutory. . . . Classical aggrievement

requires a two part showing. First, a party must demonstrate a specific, personal and legal interest in the subject matter of the decision, as opposed to a general interest that all members of the community share. . . . Second, the party must also show that the agency's decision has specially and injuriously affected that specific personal or legal interest." (Citations omitted; internal quotation marks omitted.) *Moutinho* v. *Planning & Zoning Commission*, 278 Conn. 660, 664–65, 899 A.2d 26 (2006).

"Aggrievement presents a question of fact for the trial court. . . . The scope of review of a trial court's factual decision on appeal is limited to a determination of whether it is clearly erroneous in view of the evidence and pleadings. . . . Conclusions are not erroneous unless they violate law, logic or reason or are inconsistent with the subordinate facts. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Internal quotation marks omitted.) Id., 665–66. Finally, "[b]ecause aggrievement is a jurisdictional question, and therefore, the key to access to judicial review, the standard for aggrievement is rather strict." (Internal quotation marks omitted.) *Gladysz* v. *Planning & Zoning Commission*, 256 Conn. 249, 257, 773 A.2d 300 (2001).

The plaintiff claims that it is classically aggrieved by the commission's denial of its petition to amend the Watertown zoning regulations. That contention is undermined by the fact that the court found that "[t]he proposed amendments are not site specific; they apply townwide to all zones and all property in the town." That finding is supported by the record and not disputed on appeal, as the plaintiff concedes in its appellate brief that the present case involves proposed regulations "of

general application." Thus, the plaintiff is not affected by the commission's decision any differently than any other property owner in Watertown, with which they share "a general interest such as is the concern of the community as a whole . . . ." (Internal quotation marks omitted.) *Schwartz* v. *Town Plan & Zoning Commission*, 168 Conn. 20, 25, 357 A.2d 495 (1975).

In addition, the plaintiff did not present any evidence that the commission's decision specially and injuriously affected its specific personal or legal interest. As the court noted, the plaintiff does not own real property in Watertown. Moreover, the plaintiff failed to offer any evidence indicating that any of its members owned any real property in Watertown. Although the plaintiff alleged in its complaint that it "is comprised of members who would have had standing had they appealed in their individual capacity as statutorily and/or classically aggrieved persons," such conclusory statements do not satisfy the appellant's burden of proving aggrievement. Recently, this court in *Wucik* v. *Planning & Zoning Commission*, 113 Conn. App. 502, 967 A.2d 572 (2009), considered a complaint alleging that "[t]he plaintiffs are statutorily or classically aggrieved by the decisions of the [commission]." (Internal quotation marks omitted.) Id., 507. In holding such pleading inadequate, we stated: "Our Supreme Court has held that '[t]he mere statement that the appellant is aggrieved, *without supporting allegations as to the particular nature of the aggrievement, is insufficient.*' . . . *Bongiorno Supermarket, Inc.* v. *Zoning Board of Appeals*, 266 Conn. 531, 542–43, 833 A.2d 883 (2003); see also *Beckish* v. *Manafort*, 175 Conn. 415, 419, 399 A.2d 1274 (1978); *Hartford Kosher Caterers, Inc.* v. *Gazda*, 165 Conn. 478, 483, 338 A.2d 497 (1973); *Maloney* v. *Taplin*, 154 Conn. 247, 250, 224 A.2d 731 (1966); T. Tondro, Connecticut Land Use Regulation (2d Ed. 1992) p. 537 ('[i]t is necessary to present specific facts demonstrating the

claimed aggrievement'). Likewise, our Supreme Court has held that a complaint that 'alleges only that the plaintiffs are aggrieved as owners of real property in the immediate vicinity' of property subject to a land use agency determination is insufficient under § 8-8. *Hickey* v. *New London*, 153 Conn. 35, 37, 213 A.2d 308 (1965); see also *Hendel's Investors Co.* v. *Zoning Board of Appeals*, 62 Conn. App. 263, 274–75, 771 A.2d 182 (2001) (conclusory statements averring that '[p]laintiff is aggrieved by the decision of the [d]efendant' and '[p]laintiff has a specific personal and legal property interest which was specifically and injuriously affected by the action of the [d]efendant' insufficient as a matter of law because not accompanied by adequate factual allegations). Bound by that precedent, we agree with the trial court that the plaintiffs' allegation of aggrievement 'is a mere conclusory statement devoid of any specific factual allegations.' " *Wucik* v. *Planning & Zoning Commission*, supra, 507–508. That logic applies with equal force in the present case.

Despite those patent shortcomings, the plaintiff maintains that it can establish its claim of classical aggrievement in light of the fact that it was the applicant that filed the petition with the commission. It argues that "a person who exercises the statutorily conferred right to petition a commission to adopt or amend a zoning regulation under [General Statutes] § 8-3 (c) has a specific, personal right to have that application brought to public hearing and decided by an impartial panel. Although the proposed zoning regulation may be a regulation of general application for which no person would have standing to challenge on the merits if adopted or denied, an individual's right to petition is, itself, a specific legal right subject to legal protection." The plaintiff has provided no legal authority for that proposition.

To the contrary, our Supreme Court has held that "[m]ere status . . . as a party or a participant in a hearing before an administrative agency does not in and of itself constitute aggrievement for the purposes of appellate review." *Hartford Distributors, Inc.* v. *Liquor Control Commission,* 177 Conn. 616, 620, 419 A.2d 346 (1979); see also *New England Rehabilitation Hospital of Hartford, Inc.* v. *Commission on Hospitals & Health Care,* 226 Conn. 105, 132, 627 A.2d 1257 (1993); *Milford* v. *Local 1566,* 200 Conn. 91, 96, 510 A.2d 177 (1986); *Bakelaar* v. *West Haven,* 193 Conn. 59, 66, 475 A.2d 283 (1984); *Fox* v. *Zoning Board of Appeals,* 84 Conn. App. 628, 637, 854 A.2d 806 (2004); *Olsen* v. *Inland Wetlands Commission,* 6 Conn. App. 715, 718, 507 A.2d 495 (1986). Likewise, this court has observed that "standing to file the zoning application, which is subsequently denied, does not alone give a party the aggrievement necessary to pursue an appeal of that decision in the courts." *Trimar Equities, LLC* v. *Planning & Zoning Board,* 66 Conn. App. 631, 637, 785 A.2d 619 (2001); see also R. Fuller, 9A Connecticut Practice Series: Land Use Law and Practice (3d Ed. 2007) § 32:5, p. 151 ("[s]tanding to file a zoning application, with no additional interest in the property involved in the application, does not establish aggrievement for a party to take an appeal").

In rejecting the plaintiff's claim of classical aggrievement, the court expressly relied on the decision of our Supreme Court in *Fletcher* v. *Planning & Zoning Commission,* 158 Conn. 497, 264 A.2d 566 (1969). In that case, the trial court, adopting the logic advanced by the plaintiff in the present appeal, concluded that, "under the zoning regulations, the plaintiff had the right, as a property owner, to apply to the commission for a change of zone and that, as a property owner entitled to make such an application, he was aggrieved by the denial of the application." Id., 502. On appeal, our

Supreme Court held that finding clearly erroneous, as "the mere denial of [a zoning] application does not establish aggrievement." Id. Accordingly, the court ordered the dismissal of the appeal because "the plaintiff had failed to establish aggrievement." Id. That precedent is binding on this intermediate appellate body.

*Fletcher* further is akin to the present case in that the plaintiff in *Fletcher* alleged that the decision of the defendant planning and zoning commission "was invalid because three of its members were disqualified from participating in it." Id., 504. That similarity brings us to the plaintiff's final contention that it possesses a specific, personal and legal interest stemming from "the statutory right to petition the zoning commission and the associated rights to a hearing and decision." Seemingly aware that it cannot demonstrate classical aggrievement under Connecticut law, the plaintiff asks this court to recognize a new form of aggrievement whereby a petitioning party "has standing to vindicate a procedural due process right in an administrative appeal on a petition involving a regulation of general application." For two reasons, we decline to do so.

First and foremost, the plaintiff has provided no authority for its "procedural aggrievement" proposal. Rather, it merely extrapolates from the general principle that zoning proceedings must be fundamentally fair; see, e.g., *Megin* v. *Zoning Board of Appeals*, 106 Conn. App. 602, 608–609, 942 A.2d 511, cert. denied, 289 Conn. 901, 957 A.2d 871 (2008); a right to appellate review whenever that principle allegedly is infringed. Its argument in support thereof is mere allegation, which does not constitute adequate briefing. See, e.g., *AvalonBay Communities, Inc.* v. *Planning & Zoning Commission*, 103 Conn. App. 842, 851 n.7, 930 A.2d 793 (2007); *Strobel* v. *Strobel*, 73 Conn. App. 488, 490, 808 A.2d 1138, cert. denied, 262 Conn. 928, 814 A.2d 383 (2002).

Second, the plaintiff's "procedural aggrievement" proposal is untenable in light of *Fletcher*. Despite a claim that the participation of certain conflicted commission members rendered the zoning decision invalid, which claim plainly implicated the plaintiff's right to a fundamentally fair proceeding, the Supreme Court nevertheless concluded that the *Fletcher* plaintiff had not established aggrievement. *Fletcher* v. *Planning & Zoning Commission*, supra, 158 Conn. 502. As the court in the present case noted, "[b]ecause he was a landowner, the plaintiff in *Fletcher* had an even stronger argument for aggrievement than the plaintiff in this case." Accordingly, the court concluded that "[i]n the absence of contrary appellate precedent, [it was] unwilling to make a finding of aggrievement . . . ." We concur with that assessment and refuse, in the absence of any contrary Supreme Court precedent, to further entertain the plaintiff's procedural aggrievement proposal. In view of the evidence and pleadings in the present case, we conclude that the court's finding that the plaintiff failed to establish that it was aggrieved by the commission's denial of its petition to amend the Watertown zoning regulations is not clearly erroneous.

The judgment is affirmed.

In this opinion the other judges concurred.