NIKKI CARABETTA *v.* SALVATORE CARABETTA
(AC 32099)

Bear, Bishop and Lavery, Js.

Argued November 14, 2011—officially released February 21, 2012

---

*Leo E. Ahern,* for the appellant (plaintiff).

*Donald W. Celotto, Jr.,* for the appellee (defendant).

*Opinion*

BEAR, J. The plaintiff, Nikki Carabetta, appeals from the postdissolution judgment of the trial court denying her motion for contempt against the defendant, Salvatore Carabetta, and failing to open the judgment of dissolution, sua sponte, on the basis of mutual mistake. We affirm the judgment of the trial court.

The following facts are relevant to the issues on appeal. On May 5, 2008, the parties finalized a separation agreement (agreement), the terms of which were incorporated by reference into the court's judgment of dissolution rendered that same day. Paragraph 7.2 of the agreement provides in relevant part: "The [defendant] is the owner of real property located at 2209 North Broad Street, Meriden, Connecticut [(property or Meriden property)]. The [defendant] shall quit claim to the [plaintiff] his right, title and interest in said property. Both parties shall consent on usage of [the] guest house and [three] separate garages adjacent to the property. . . ."

On September 8, 2008, the plaintiff filed a motion for contempt, alleging, in relevant part, that the defendant had failed "to provide good dee[d] [without] encumbrances of [the] Meriden property." On December 12, 2008, after a hearing, the court denied the plaintiff's motion for contempt without prejudice as to this issue, but it held that this portion of the judgment of dissolution needed further clarification. On March 13, 2009, the plaintiff filed a motion for clarification, asking that the court clarify the boundary lines of the property that she had been awarded in the dissolution pursuant to paragraph 7.2 of the agreement. She alleged that pursuant to the quitclaim deed from the defendant, a portion of the boundary line improperly ran through the main residence and that the guest house and three garages improperly were not included in the deed. After a five day hearing, the court issued a memorandum of decision on February 26, 2010, finding, in relevant part, that the plaintiff's testimony that the guest house and garages were supposed to be included in the property awarded to her pursuant to paragraph 7.2 of the parties' agreement was not credible, but the court found that the property boundaries needed to be redrawn so that the entire home was within the boundaries of the deeded property. The court also declined to find the defendant in contempt and denied the plaintiff's request for attorney's fees. This appeal followed.

On appeal, the plaintiff claims that the court erred in failing to open the dissolution judgment on the basis of mutual mistake in the parties' agreement. See generally *Dainty Rubbish Service, Inc.* v. *Beacon Hill Assn., Inc.*, 32 Conn. App. 530, 537, 630 A.2d 115 (1993) ("mutual mistake exists where both parties are mutually mistaken about the same material fact"). Although the plaintiff claims that the court should have opened the dissolution judgment on the basis of mutual mistake,

the plaintiff never filed a motion to open with the court. When asked about this during oral argument before this court, the plaintiff argued that the trial court had raised a question about the need to open the judgment and that it, therefore, should have done so, sua sponte.[1] We disagree.

The trial court has jurisdiction to open a judgment more than four months after it has been rendered when the judgment resulted from fraud, duress, accident or mutual mistake. In general, however, the court does not act sua sponte, but acts only in response to the

[1] The transcript reveals the following colloquy, which took place on the second day of hearings:

"The Court: Now I don't know whether anybody has filed a—is there—are there any other motions?

"[The Plaintiff's Counsel]: Not as part of these proceedings, Your Honor.

"The Court: Hmm?

"[The Plaintiff's Counsel]: Not as part of these proceedings. I don't think there's any others pending.

"The Court: No motion to open and modify?

"[The Plaintiff's Counsel]: No, Your Honor.

"The Court: What happens if I can't clarify . . .

"[The Plaintiff's Counsel]: Well, Your Honor—

"The Court: —and therefore so I can't—if I find it impossible to clarify it, then the motion for contempt as that issue I suspect is not going to go anywhere so then where are we left?

"[The Plaintiff's Counsel]: Well, Your Honor, I suppose at the end when we're finished with testimony perhaps the parties can give you a proposed order and maybe briefs as far as what the . . . court's options may be . . . . I think that we have to file a motion to clarify and determine if we can—if the court can clarify.

"The Court: And if I can't clarify?

"[The Plaintiff's Counsel]: Then I think that we may be having to ask the court to open it."

At other times during the hearings on the pending motions, the court queried whether the judgment might have to be opened. The plaintiff, however, indicated that she had not filed a motion to open and that she did not want the judgment opened. Furthermore, at the close of the plaintiff's testimony, the court questioned whether it had the authority to open the judgment without a pending motion. In response, the defendant's attorney stated that he did not think the court had such authority; and the judge noted his agreement with that statement.

motion of a party.[2] *Solomon* v. *Keiser*, 22 Conn. App. 424, 427, 577 A.2d 1103 (1990) ("[m]oreover, under General Statutes § 52-212 and Practice Book § 326 [now § 17-4], the court may open a judgment only upon motion of one of the parties");[3] see *Townsley* v. *Townsley*, 37 Conn. App. 100, 103, 654 A.2d 1261 (1995) ("[o]ur Supreme Court and this court have held that a court cannot on its own initiative decide a motion that was not presented by the parties"). Furthermore, after reviewing the record in this case, there is no evidence that a mutual mistake existed between the parties on the issue of the disposition of the guest house and the three garages. Accordingly, we conclude that the court did not act improperly by not opening the judgment sua sponte.

The plaintiff also claims that the court erred in failing to find the defendant in contempt on the ground that the defendant knew that the title to the property was unmarketable. She also claims that the court erred in failing to award her attorney's fees. On the basis of inadequate briefing, we decline to review these claims.

The plaintiff, in her brief, has failed to set forth a standard of review or to cite any authority in support of her position. "We consistently have held that [a]nalysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly." (Internal quotation marks omitted.) *Strobel* v. *Strobel*, 73 Conn. App. 488, 490, 808 A.2d 1138, cert.

---

[2] "[I]t is beyond dispute that the trial court has the inherent power to open, sua sponte, a judgment which has been procured by fraud . . . ." *Masters* v. *Masters*, 201 Conn. 50, 59, 513 A.2d 104 (1986).

[3] General Statutes § 52-212a provides in relevant part: "Unless otherwise provided by law and except in such cases in which the court has continuing jurisdiction, a civil judgment or decree rendered in the Superior Court may not be opened or set aside unless a motion to open or set aside is filed within four months following the date on which it was rendered or passed. . . ." Practice Book § 17-4 contains similar language.

denied, 262 Conn. 928, 814 A.2d 383 (2002); see *Northeast Ct. Economic Alliance, Inc.* v. *ATC Partnership*, 272 Conn. 14, 51 n.23, 861 A.2d 473 (2004) ("[i]nasmuch as the plaintiffs' briefing of the . . . issue constitutes an abstract assertion completely devoid of citation to legal authority or the appropriate standard of review, we exercise our discretion to decline to review this claim as inadequately briefed").

The judgment is affirmed.

In this opinion the other judges concurred.